UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON CANTRELL #397429,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:18-CV-1163

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against the Michigan Department of Corrections for failure to state a claim against Defendant.

## Discussion

    I.    <u>Factual Allegations</u>

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues the MDOC and IBC Correctional Officers A. Heilig and (unknown) Arp.

Plaintiff alleges that, at about 7:15 p.m. on August 19, 2017, Defendant Heilig searched his cell. During the search, Defendant Heilig destroyed Plaintiff's family photographs by ripping them up and strewing them about the cell. Defendant Heilig also allegedly took Plaintiff's clothing from the wall locker and threw it all over the floor and into the toilet. Upset about Heilig's conduct, Plaintiff told Heilig that he wanted to speak with a sergeant or shift command. Heilig responded, "[G]o lock your punk a** down." (Compl., ECF No. 1, PageID.3.) Plaintiff complied.

At 8:00 p.m., Plaintiff's cell door was opened for prisoners to go to the medication line. Plaintiff left the cell and headed toward the medication line, intending to again try to summon a sergeant. Defendant Heilig told Plaintiff, "[K]eep it up and you['re] going to get what's coming to you." (*Id.*) Plaintiff returned to his cell, but he stood in the doorway to prevent the door from closing. Defendant Heilig called for assistance and placed Plaintiff in handcuffs.

Defendant Arp responded to the request for assistance. Arp immediately grabbed one of Plaintiff's arms and Defendant Heilig held the other arm. The officers began to walk Plaintiff toward the stairs. Defendant Heilig told Plaintiff, "[G]et ready, I have something special for your bi*ch a**." (*Id.*) When they reached the stairs, Defendant Heilig began shouting, "[S]top resisting." (*Id.*) Defendant Heilig repeated the shout about six times. When they reached the bottom of the stairs, Defendant Arp intentionally stuck his foot out in front of Plaintiff's foot, tripping him and taking him to the ground. At that point, several other officers got on top of Plaintiff, including Defendant Heilig. Defendant Heilig began to strike Plaintiff repeatedly on the

left side of his body. Plaintiff sustained two fractured ribs and suffered severe pain in his pelvis, left femur, left hip, neck, and both feet.

Defendant Heilig issued a Class I misconduct ticket against Plaintiff, alleging that Plaintiff had committed an assault and battery on Heilig by pulling away from Heilig at the top of the stairs, causing Heilig to lose his balance. Heilig reported that Plaintiff had continued to tense his body and resist the officers' efforts to gain control. Heilig continued, stating that, once on the ground, Plaintiff continued to resist and officers exercised force to gain control. Following a hearing, the hearing officer concluded that, while the video showed that Heilig had lost his balance, it did not confirm that Plaintiff tensed up. In addition, the hearing officer noted that, while three other officers were present, no statements were submitted by those officers to substantiate Heilig's report. Plaintiff therefore was found not guilty of assault and battery on an officer.

Plaintiff seeks compensatory and punitive damages.

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff may not maintain a §1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under §1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002)

(citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).  Therefore, the Court dismisses the Michigan Department of Corrections.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated: December 4, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE