| MICHIGAN DEPARTMENT OF CORRECTIONS<br>**POLICY DIRECTIVE** | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105 |
|---|---|---|
| SUBJECT<br>PRISONER DISCIPLINE | SUPERSEDES<br>03.03.105 (04/09/2012) | |
| | AUTHORITY<br>MCL 791.203, 791.206, 791.251, et. seq., 800.33;<br>Administrative Rules 791.3301 - 791.3320,<br>791.5501 | |
| | PAGE   1   OF   13 | |

**POLICY STATEMENT:**

Disciplinary sanctions shall be imposed against prisoners for rule violations in accordance with due process requirements.

**POLICY:**

GENERAL INFORMATION

A.     Alleged violations of written rules are classified as Class I, Class II, or Class III misconduct and are further defined in Attachments A, B, and C of this policy.  Misconduct reports may be written only for violations identified in these attachments.

B.     Class I misconducts are subject to all hearing requirements set forth in MCL 791.252 and all requirements currently set forth in Department Administrative Rules and policy directives for "major" misconduct.  Class II and Class III misconducts are subject to all requirements currently set forth in Department Administrative Rules and policy directives for "minor" misconducts.

C.     The structure of the disciplinary process is one of progressive sanctions, with the maximum sanction reserved for only the most serious or persistent violators.  Counseling shall be attempted to correct minor violations.  A Misconduct Report (CSJ-228) may be written, however, when rule infractions require more formal resolution.  If a Misconduct Report is written, it shall be prepared as soon as possible after the violation is observed or reported.

D.     A Misconduct Report may be written by any Department staff person or person under contract with the Department who has knowledge that misconduct has occurred.  A Misconduct Report shall be written if the behavior constitutes a non-bondable Class I misconduct, as identified in Attachment A.

E.     A misconduct which is a felony shall be referred to the appropriate law enforcement agency as well as being pursued through the Department disciplinary process.  The initiation of the disciplinary process may be delayed if it would interfere with the criminal investigation or prosecution.

F.     A prisoner is presumed to be in possession of an item found in an area over which the prisoner has control and for which s/he has been assigned responsibility even if the prisoner is not present.  The prisoner shall have the burden of proof in rebutting this presumption at a misconduct hearing.  A prisoner's area of control includes the following:

   1.     If single-celled, the prisoner's assigned room or cell, including door track or frame and window and window ledge;

   2.     If assigned to a multiple occupancy room or area, that part of the room or area assigned to the prisoner, including bed, locker, and surrounding wall, floor, and ceiling space;

   3.     Any personal property belonging to the prisoner, unless it has been reported as stolen;

   4.     Area of work or school assignment for which prisoner is responsible.

G.     In computing the time limit for a hearing, the day on which the prisoner is confined, transferred, or received written notice of the charge is not counted; however, the day on which the hearing occurs is counted.

| DOCUMENT TYPE<br>POLICY DIRECTIVE | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105 | |
|---|---|---|---|
| | | | PAGE  2  OF  13 |

H.   A prisoner charged with misconduct has the right to be present at the misconduct hearing.   The hearing may be conducted without the prisoner, however, if a finding is made on the record that the prisoner chose not to attend the hearing after proper notice was given or that the prisoner is so assaultive or disruptive that the hearing cannot be held with the prisoner present; the mere fact that the prisoner is in segregation is not sufficient.

I.   All hearings shall be conducted in a room or office designated by the Warden; hearings shall not be conducted in-cell or at cell-front unless approved by the Warden for a Class II or III hearing based on the conduct of the specific prisoner.   Prisoners shall be subject to a patdown search prior to entering the hearing room; restraints may be applied as deemed appropriate by the institution based on PD 04.05.112 "Managing Disruptive Prisoners".   Prisoners in segregation, classified to security Level IV or V, or on toplock pending hearing shall be properly cuffed when brought to a Class I hearing; custody staff shall remain in the hearing room during the hearing.   Custody staff also shall remain in the vicinity of the hearing room during all Class I hearings to ensure staff is available to readily respond to any disturbance or request for assistance.

J.   All staff members shall cooperate fully with Hearing Investigators and hearing officers, including complying with requests for information or assistance necessary to conduct a proper hearing.

K.   The Hearings Administrator in the Office of Legal Affairs shall maintain the <u>Hearings Handbook</u> and the <u>Pocket Guide for Prisoner Rule Violations</u> (CAX-398) to assist staff in implementation of the misconduct hearing process.

## <u>HEARING INVESTIGATOR</u>

L.   The Hearing Investigator shall coordinate all Class I and Class II misconduct hearings.   This responsibility shall include the following:

1.   Scheduling the hearing date with the appropriate hearing officer to ensure the hearing is conducted in a timely manner;

2.   Preparing the Misconduct Docket (CAH-991) and ensuring that the misconduct reports identified on the misconduct docket and any other required documentation are presented to the hearing officer on the scheduled hearing date;

3.   Making available to the hearing officer a record of the prisoner's prior Major/Class I and Class II misconduct history to assist the hearing officer in determining an appropriate sanction;

4.   Identifying the reporting codes for Class II misconducts to allow for proper entry into the Department's computerized database (e.g., CMIS; OMNI);

5.   Determining the sanction dates for any discipline imposed for Class II misconducts;

6.   Ensuring that the completed Hearing Report is distributed, including to the prisoner, in a timely manner.   If the prisoner waives the hearing and pleads guilty, the Hearing Investigator also shall ensure that the Misconduct Report is distributed, including to the prisoner, in a timely manner;

7.   Ensuring that a copy of the completed Misconduct Docket is posted within 48 hours after the hearing date in an area which is not ordinarily accessible to prisoners but is readily accessible to staff.   The Hearing Investigator shall include on the Misconduct Docket information on Class II misconducts to which prisoners plead guilty at review.   The Misconduct Docket shall remain posted for at least 72 hours and be retained in accordance with the Department's Retention and Disposal Schedule;

8.   Other responsibilities as set forth in this policy for Class I misconducts.

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/01/2018 | 03.03.105 | PAGE 3 OF 13 |

CLASS I MISCONDUCT

M.     Prisoners charged with a Class I misconduct are entitled to a formal hearing as set forth in Administrative Rule 791.3315.  All Class I misconduct hearings shall be conducted by hearing officers from the Department of Licensing and Regulatory Affairs (LARA).  Any issues or concerns regarding this hearing process shall be referred as necessary through the appropriate chain of command to the Hearings Administrator for resolution.  The Hearings Administrator shall serve as the liaison with LARA on issues regarding the prisoner disciplinary process.

REVIEW

N.     A supervisory level employee shall conduct a review of the Misconduct Report with the prisoner.  The signature of the reviewer and the date and time of the review shall be documented on the Misconduct Report after the review is complete. The review shall be conducted within 24 hours after the report is written unless there is reasonable cause for delay as determined by the LARA hearing officer at the misconduct hearing or as set forth in Paragraph III.  The misconduct shall be dismissed by the hearing officer if the report is not reviewed within that time period and the hearing officer does not determine that there was reasonable cause for delay.

O.     The review shall include the following:

1.     Examining the Misconduct Report to determine that the charge is appropriate and that the name and number of the prisoner are correct.

2.     Reading the Misconduct Report to the prisoner.

3.     Advising the prisoner of his/her right to witnesses, relevant documents, and a Hearing Investigator.  The reviewing officer shall note on the Misconduct Report if the prisoner requests a Hearing Investigator as well as identifying any witnesses and documents requested.

4.     Noting on the Misconduct Report the location of any physical evidence.

5.     Ensuring the prisoner receives a copy of the Misconduct Report after the review is completed.

P.     If the reviewing officer determines a Misconduct Report is not appropriate or not properly written, s/he may return the report to the staff member who wrote it for rewriting.  The reviewing officer also may pull a Misconduct Report which s/he determines to be inappropriate but shall first discuss it with the reporting staff person.  Once a Misconduct Report has been reviewed, it shall not be pulled except by the Warden or designee for good cause.  If a Misconduct Report is pulled, it shall be retained for at least six months and shall be accompanied by a written statement indicating why it was pulled.  A Misconduct Report shall not be pulled after it has been heard by a LARA hearing officer.

Confinement Pending Hearing

Q.     At the review, the reviewing officer shall order a prisoner charged with a non-bondable misconduct to be confined in temporary segregation or, if a temporary segregation cell is not available, on toplock pending the hearing except if the misconduct is for escape from a facility of a lower security level than the one where the prisoner is now incarcerated and the reviewing officer determines the prisoner will not be a threat to safety or security at the present custody level.  In addition, the Warden may allow a prisoner charged with a non-bondable offense to remain on bond status if it is determined this will not present a threat to safety or security.

R.     The reviewing officer may order a prisoner charged with a bondable misconduct to be confined in temporary segregation or, if a temporary segregation cell is not available, on toplock pending a hearing only if there is a reasonable basis to believe failure to do so would constitute a threat to the security or good order of the facility.  This must relate to the specific circumstances of the incident.  The reason for confinement shall be stated on the Misconduct Report and must include the facts underlying the charge which make it necessary to confine the prisoner for an offense which policy has already determined can normally be safely handled as a bondable matter.  In other words, it must state why this case differs from other instances of this charge and thus presents a threat to security.  Conclusory

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/01/2018 | 03.03.105 | PAGE  4  OF  13 |

phrases such as "necessary for the good order of the facility" are not acceptable as reasons.

S.     Whenever a prisoner is confined in temporary segregation or on toplock pending a Class I misconduct hearing, the exact time and date of placement shall be noted on the Misconduct Report by the reviewing officer, who also shall immediately notify the prisoner's housing unit of this placement.  The person notified in the housing unit shall be indicated on the Misconduct Report.

INVESTIGATION

T.     A Hearing Investigator shall be assigned to conduct an investigation of Class I misconduct charges if:

1.     The prisoner requested, at the time of review, a Hearing Investigator, witnesses, or documents.

2.     The prisoner chooses not to cooperate during the review process, including choosing not to attend the review.

3.     The prisoner is in a Residential Treatment Program (RTP), (including Secure Status Residential Treatment Program and Adaptive Skills Residential Program) and the Secure Status Outpatient Treatment Program.

4.     The prisoner is confined in temporary segregation pending the Class I hearing.

5.     The prisoner is receiving special education services.

6.     The prisoner is on an Outpatient Corrections Mental Health Services active caseload; this does not apply if the prisoner is in the Secure Status Outpatient Treatment Program.

U.     The Hearing Investigator shall gather all witness statements and other evidence necessary to conduct a hearing and not simply respond to the questions raised by the prisoner.  The prisoner may submit a personal statement and written questions to the Hearing Investigator to be asked of a witness; a Hearing Investigation Report (CAJ-681) shall be used for this purpose.  The Hearing Investigator shall obtain answers to all questions which s/he reasonably believes are relevant, not repetitious, and not a threat to the security of the facility.  The Hearing Investigator also shall contact any other witness and obtain any documents which s/he believes are relevant to the charge.  Although the Hearing Investigator may initially determine if a question should be asked or a witness contacted, the LARA hearing officer has the final authority and may require the Hearing Investigator to obtain an answer to a question if s/he determines an answer is needed.  The Hearing Investigator shall obtain all information requested by the hearing officer or clearly explain in writing why it cannot be obtained.

V.     Whenever the Hearing Investigator is assigned to conduct an investigation under Paragraph T, nos. 4 through 6, the Hearing Investigator shall complete a Misconduct Sanction Screening form (CSJ-330) unless the prisoner was referred pursuant to Paragraph EEE or GGG, and forward the completed form to a Qualified Mental Health Professional (QMHP) and/or to the school principal, as appropriate, within one business day after being assigned.  The QMHP or school principal shall assess available disciplinary sanctions given the prisoner's mental condition and/or limitations and document the assessment on the Misconduct Sanction Assessment (CSJ-331).  The assessment form shall be returned to the Hearing Investigator within three business days after the QMHP's or principal's receipt of the Misconduct Sanction Screening form.

W.     The Hearing Investigation Report (CAJ-681), screening and assessment forms, and written witness statements shall be either typewritten or completed in black ink to facilitate copying of records on appeal.  All hearing investigation reports, screening and assessment forms, and written witness statements shall be kept in designated Hearing Investigator files at the institution where the hearing is held.  They shall be kept in chronological order by date of hearing and in order by prisoner number so the record can be retrieved if necessary for an appeal.

X.     A copy of any information determined by the LARA hearing officer to be confidential shall be kept with the Hearing Investigation Report and clearly marked as confidential by the hearing officer.  All photographs shall be attached to the Hearing Investigation Report.  All video and audio recordings which the hearing officer reviews and makes a part of the record also shall be retained and clearly

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/01/2018 | 03.03.105 | PAGE  5  OF  13 |

marked as part of the hearing record.

Y. Information determined by the LARA hearing officer to be confidential is exempt from disclosure under the Freedom of Information Act.   The Hearing Investigator shall release a copy of confidential documents or materials only to the Office of Legal Affairs, the Office of the Legislative Corrections Ombudsman upon request of that Office, or with approval of the Hearings Administrator or designee.

Z. The misconduct record, including all documents identified in this section, and photographs shall be retained in accordance with the Department's Retention and Disposal Schedule.   If the facility is aware that a lawsuit is filed, the records shall be retained until the litigation is completed.   A facility will ordinarily be alerted that a lawsuit appealing the misconduct has been filed when a request is made by the Office of Legal Affairs for a copy of the Hearing Investigation Report.   Physical evidence other than photographs may be kept separately from the misconduct record but shall be retained for at least 90 calendar days after the hearing or until litigation is completed if a lawsuit is filed.

HEARING

AA. A Class I misconduct hearing shall be conducted within seven business days after the Misconduct Report was reviewed with the prisoner except as follows:

1. If a Hearing Investigator is assigned, in which case the hearing shall be conducted within 14 business days; however, if the prisoner is confined to segregation or on toplock pending the hearing, the hearing must be conducted within seven business days after such confinement, unless the prisoner is released from confinement before that time period expires.

2. If the prisoner is transferred to a higher security level, not including segregation, as a result of the misconduct.   In such cases, the hearing shall be conducted within 14 business days after that transfer or receipt of written notice of the charge, whichever occurs first.

3. If there is reasonable cause for delay, as determined by the LARA hearing officer. Circumstances which may be found to be reasonable cause for delay include, but are not limited to, an institutional disturbance, equipment failure, required attendance of all hearing officers at state-wide meetings, mobilization, or severe weather.   Workload is not a reasonable cause for delay unless it is due to unusual circumstances, as determined by the Hearings Administrator or designee.   Whenever a hearing is not held within the required time limits, the reasons for delay shall be set forth in the Class I Misconduct Hearing Report (CSJ-240B).

BB. The LARA hearing officer shall ensure all relevant evidence and testimony has been presented and shall return the matter to the Hearing Investigator for further investigation if needed.   The hearing officer may interview a witness at the hearing if s/he determines this is necessary and not unduly hazardous to the safety of the facility, staff, or prisoners.

CC. Some rule violations necessarily include other less serious violations.   A lesser included violation would contain some, but not all, elements of the greater charge.   For example, threatening behavior is a lesser included violation of assault and battery; insolence is a lesser included violation of threatening behavior; and creating a disturbance is a lesser included violation of inciting to riot.   If the evidence does not support the particular violation charged but does establish a lesser included violation, the LARA hearing officer has the authority to find the prisoner guilty of the lesser included violation, even if it is a different class of misconduct.

DD. In making a decision as to whether a prisoner is guilty of a charge, the LARA hearing officer shall consider only evidence which relates to the specific charge or charges or their lesser included violations.   Decisions shall be based upon a preponderance of evidence.   The hearing officer shall make an individual determination of the credibility of staff and prisoner witnesses.   The evidence relied upon in making a determination and the reasons for the decision shall be set forth by the hearing officer in the Class I Misconduct Hearing Report; the hearing officer also shall assign the appropriate misconduct code.

EE. If the prisoner is found guilty of the misconduct, the hearing officer shall determine the appropriate sanction and sanction dates consistent with the requirements set forth in Paragraphs KKK and LLL, and

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/01/2018 | 03.03.105 | PAGE  6  OF  13 |

the appropriate disposition of any contraband confiscated consistent with PD 04.07.112 "Prisoner Personal Property".   A copy of the Misconduct Report and the Class I Misconduct Hearing Report shall be kept in the prisoner's Central Office, Record Office, and Counselor files.

FF.     If the prisoner is found not guilty or the charges are dismissed, the Misconduct Report and the Class I Misconduct Hearing Report shall not be filed in any of the prisoner's files or used against the prisoner. However, a copy of the Misconduct Report, Class I Misconduct Hearing Report, and Hearing Investigation Report, if any, shall be retained by the Hearing Investigator to assist in responding to requests for rehearing and litigation.  The Hearing Investigator shall also retain these documents in cases where a Class I misconduct charge was reduced to a Class II or III misconduct by the LARA hearing officer.

GG.     After the hearing has been concluded, the prisoner may request and shall be provided a copy of his/her hearing investigation packet, including the Hearing Investigation Report, any written witness statements, screening and assessment forms, and copies of photographs which have not been determined by the LARA hearing officer to be confidential; such requests shall be made to the Hearing Investigator at the facility where the hearing occurred.

HH.     The hearing records for not guilty or dismissed charges shall be reviewed by the Warden or designee to monitor for any errors which have been made by facility staff in the misconduct process.   If the Warden disagrees with the results of a hearing, s/he may submit a request for a rehearing to the Hearings Administrator as set forth in Paragraph SSS.

II.      Statistics shall not be kept on the guilty, not guilty, or dismissal rates of individual LARA hearing officers. Hearing officers shall not be threatened with or subjected to disciplinary action in whole or in part because of the number or percentage of hearings conducted which resulted in other than a guilty finding.

JJ.     Facility staff shall not communicate with a LARA hearing officer or other LARA staff regarding a hearing decision except as authorized by this policy.   Any prohibited communications, including attempts, shall be reported to the Hearings Administrator.


CLASS II MISCONDUCT

    REVIEW

KK.     A supervisory level staff member other than the person who issued the Misconduct Report shall conduct a review of the Class II misconduct violation with the prisoner.   The review shall be conducted within 24 hours after the report is written unless there is reasonable cause for delay as determined by the facility hearing officer at the misconduct hearing or as set forth in Paragraph III.   The misconduct shall be dismissed by the hearing officer if the report is not reviewed within the required time period and the hearing officer does not determine there was reasonable cause for delay.

LL.     The review shall include the following:

    1.     Examining the Misconduct Report to determine the charge is appropriate and the name and number of the prisoner are correct.

    2.     Reading the Misconduct Report to the prisoner.

    3.     Noting on the Misconduct Report the location of any physical evidence.

    4.     Ensuring the prisoner receives a copy of the Misconduct Report after the review is completed. If the prisoner waives the hearing and pleads guilty; however, the Hearing Investigator shall be responsible for ensuing the prisoner receives the copy after the Hearing Investigator determined the sanction dates.

MM.     The reviewing officer shall elevate a Class II misconduct that occurred during or in connection with a visit to a Class I misconduct at the time of review.   The reviewing officer may elevate any other Class II misconduct to a Class I misconduct based on the seriousness of the specific facts as stated in the misconduct or the circumstances of the misconduct.   The reason for elevation of the charge shall be

| DOCUMENT TYPE POLICY DIRECTIVE | EFFECTIVE DATE 07/01/2018 | NUMBER 03.03.105 | PAGE 7 OF 13 |
|---|---|---|---|

stated on the Misconduct Report and must include the facts which make it necessary to elevate to a Class I misconduct what policy has determined is generally to be treated as a Class II misconduct. In other words, it must state why this case differs from other instances of this charge; conclusory phrases such as "necessary for the good order of the facility" are not acceptable as reasons. If elevated to a Class I misconduct, all requirements set forth in this policy for Class I misconducts apply. The Warden shall review all hearing records for Class II misconducts elevated to Class I to monitor this process.

NN. If the reviewing officer determines the Misconduct Report is not appropriate or not properly written, s/he may return the report to the staff member who wrote it for rewriting. The reviewing officer also may pull a Misconduct Report which s/he determines to be inappropriate but shall first discuss it with the reporting staff person. Once a Misconduct Report has been reviewed, it shall not be pulled except by the Warden or designee for good cause. If a Misconduct Report is pulled, it shall be retained for at least six months and shall be accompanied by a written statement indicating why it was pulled.

HEARING

OO. A prisoner may waive his/her Class II misconduct hearing and plead guilty in writing. The waiver and guilty plea may be accepted by the reviewing officer at the time of review or the facility hearing officer at the time of the hearing. In such cases, the reviewing officer or hearing officer accepting the guilty plea shall determine the appropriate sanction, consistent with the requirements set forth in Paragraphs KKK and LLL, and the appropriate disposition of any contraband confiscated in conjunction with the misconduct, consistent with PD 04.07.112 "Prisoner Personal Property". This shall be documented on the Misconduct Report or Class II or III Misconduct Hearing Report (CSJ-229), as appropriate.

PP. Unless the prisoner waives the Class II hearing and pleads guilty, an informal hearing shall be conducted in accordance with Administrative Rule 791.3310. Only Resident Unit Managers, Captains, and/or Lieutenants designated by the Warden shall conduct the hearing. The staff person conducting the hearing shall have had no prior direct involvement in the matter at issue.

QQ. A Class II hearing shall be conducted within seven business days after the date of review except as follows:

1. If the hearing officer directs the Hearing Investigator to collect additional evidence, in which case the hearing shall be conducted within 14 business days.

2. If there is reasonable cause for delay as determined by the facility hearing officer. Circumstances which may be found to be reasonable cause for delay. Workload is not a reasonable cause for delay. Whenever a hearing is not held within the required time limits, the reason for delay shall be set forth in the Class II or III Misconduct Hearing Report.

RR. A prisoner is not entitled to an investigation by a Hearing Investigator; however, the facility hearing officer shall make a reasonable investigation of the charges and may direct the Hearing Investigator to collect additional evidence, including statements from other staff and prisoners. The hearing officer also shall assist those prisoners who have limited intelligence or education in presenting a defense.

SS. Some rule violations necessarily include other less serious violations. A lesser included violation would contain some, but not all, elements of the greater charge. For example, a lesser included violation of out of place is temporary out of place. If a prisoner is charged with misconduct, and the evidence does not support the particular violation charge but does establish a lesser included violation, the facility hearing officer has the authority to find the prisoner guilty of the lesser included violation, even if it is a different class of misconduct.

TT. The decision of the facility hearing officer shall be based on a preponderance of the evidence. In making a decision as to whether a prisoner is guilty, the hearing officer shall consider only evidence which relates to the specific charge or its lesser included violation. The hearing officer shall make an individual determination of the credibility of staff and prisoner witnesses. The evidence relied upon in making a determination and the reasons for the decision shall be set forth by the hearing officer in the Class II or III Misconduct Hearing Report.

UU. If the prisoner is found guilty of misconduct, the facility hearing officer shall determine the appropriate

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/01/2018 | 03.03.105 | PAGE 8 OF 13 |

sanction, consistent with the requirements set forth in Paragraphs KKK and LLL and the appropriate disposition of any contraband confiscated consistent with PD 04.07.112 "Prisoner Personal Property". The Hearing Investigator shall assign the sanction dates and identify the appropriate reporting code for each misconduct charge.

VV.     If the prisoner is found guilty, a copy of the Misconduct Report and the Class II and III Misconduct Hearing Report shall be kept in the prisoner's Record Office and Counselor file; they shall not be kept in the prisoner's Central Office file.   Any evidence directed by the facility hearing officer to be collected by the Hearing Investigator shall be retained by the Hearing Investigator until the administrative appeal period has run.   If a Class I misconduct charge is reduced to a Class II misconduct charge, a copy of the hearing record shall be retained in the same manner as set forth in this policy for Class I misconducts.

WW.     If the prisoner is found not guilty or the charges are dismissed, the Misconduct Report and the Class II or III Misconduct Hearing Report shall not be filed in any of the prisoner's commitment files or used against the prisoner.   The Hearing Investigator, however, shall retain a copy of hearing record.

XX.     Not guilty or dismissed charges shall be reviewed by the Warden or designee to monitor for any errors which may have been made by staff in the misconduct process.

## CLASS III MISCONDUCT

### REVIEW

YY.     A staff member other than the person who issued the Misconduct Report shall conduct a review of the Misconduct Report with the prisoner.   The review shall include the following:

1.     Examining the Misconduct Report to determine that the charge is appropriate and the name and number of the prisoner are correct.

2.     Reading the Misconduct Report to the prisoner.

3.     Noting on the Misconduct Report the location of any physical evidence.

4.     Ensuring the prisoner receives a copy of the Misconduct Report after the review is completed.

### HEARING

ZZ.     A prisoner may waive his/her Class III misconduct hearing and plead guilty in writing.   The waiver and guilty plea may be accepted by the reporting staff member who wrote the Misconduct Report prior to review of the misconduct, the reviewing officer at the time of review, or the facility hearing officer at the time of the hearing.   In such cases, the person accepting the guilty plea shall determine the appropriate sanction, including sanction dates, consistent with the requirements set forth in Paragraphs KKK and LLL and the appropriate disposition of any contraband confiscated in conjunction with the misconduct consistent with PD 04.07.112 "Prisoner Personal Property".   This shall be documented on the Misconduct Report or, if accepted by the hearing officer, on the Class II or III Misconduct Hearing Report and a copy provided to the prisoner.

AAA.    Unless the prisoner waives the Class III hearing and pleads guilty, an informal hearing shall be conducted in accordance with Administrative Rule 791.3310.   The hearing shall be conducted within seven business days after the date of review.   Only staff designated by the Warden shall conduct the hearing.   Staff conducting the hearing shall have had no prior direct involvement in the matter at issue.

BBB.    A prisoner is not entitled to a Hearing Investigator, but the facility hearing officer shall make a reasonable investigation of the charges.   The decision of the hearing officer shall be based on a preponderance of the evidence and stated on the Class II or III Misconduct Hearing Report.   If the prisoner is found guilty, the hearing officer shall determine the appropriate sanction, including sanction dates, consistent with the requirements set forth in Paragraphs KKK and LLL and the appropriate disposition of any contraband confiscated in conjunction with the misconduct, consistent with PD 04.07.112 "Prisoner Personal Property".

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/01/2018 | 03.03.105 | PAGE **9** OF **13** |

CCC.   A copy of the Misconduct Report shall be kept only in the prisoner's Counselor file.   The report shall be kept for at least 60 calendar days after the date of the hearing or waiver for control and monitoring purposes and to provide the basis for establishing a pattern of Class III misconducts if other action becomes necessary. If a Class I or II misconduct charge is reduced to a Class III misconduct charge, a copy of the hearing record shall be retained in the same manner as set forth in this policy for Class I or II misconducts, as appropriate.

### SPECIAL PROVISIONS FOR PRISONERS WITH A MENTAL DISABILITY

DDD.   A prisoner with a mental disability is not responsible for misconduct if s/he lacks substantial capacity to know the wrongfulness of his/her conduct or is unable to conform his/her conduct to Department rules as a result of the mental disability.   "Mental disability" is defined as any of the following:

1.   Mental illness, which is a substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or the ability to cope with the ordinary demands of life.

2.   Severe chronic brain disorder, which is characterized by multiple cognitive defects (e.g., memory impairment resulting from a medical condition or brain injury due to trauma or toxins).

3.   Developmental disorder, which usually manifests before the age of 18 years and is characterized by severe and pervasive impairment in several areas of development (e.g., autism; retardation).

EEE.   If a prisoner, a Hearing Investigator, or a Hearing Officer raises the issue that the prisoner may not be responsible for the misconduct due to a mental disability, a request for a responsibility determination shall be directed to the Outpatient Mental Health Team if the prisoner is on their caseload or to a QMHP.   If the issue of responsibility is raised by the prisoner and the hearing officer determines on the record that the claim is frivolous, a referral need not be made.

FFF.   A prisoner who is receiving inpatient mental health services, including through the Crisis Stabilization Program (CSP) or Rehabilitative Treatment Services (RTS), shall be subject to the disciplinary process only for behavior which constitutes a nonbondable Class I misconduct charge as defined in Attachment A.   In all other cases, the prisoner's behavior and the immediate therapeutic response is to be thoroughly documented in the prisoner's health record to ensure the safety of the prisoner and others is not jeopardized by lack of knowledge of a serious incident.

GGG.   Whenever a non-bondable Class I misconduct is written on a prisoner who is receiving inpatient mental health services or a Class I or Class II misconduct is written on a prisoner who is receiving mental health services through an RTP, (including Secure Status Residential Treatment Program or Adaptive Skills Residential Program) or Secure Status Outpatient Treatment Program, the Unit Chief or QMHP shall determine prior to the hearing whether the prisoner is not responsible for his/her behavior due to his/her mental disability.   This information shall be provided prior to any review with or notice to the prisoner.

HHH.   If the prisoner is determined to be not responsible for his/her behavior due to his/her mental disability, the Class I or Class II Misconduct Report shall not be processed.   The prisoner's behavior, however, shall be documented as set forth in Paragraph JJJ.   If the prisoner is believed to be responsible for his/her behavior, the matter may proceed to a hearing unless the prisoner is receiving inpatient mental health services, in which case the treatment team and/or Regional Corrections Mental Health Program Director shall first determine whether the misconduct process would be detrimental to the prisoner's mental health treatment needs; if it is determined to be detrimental, the misconduct shall not be processed.

III.   Whenever a referral for a responsibility determination is made pursuant to Paragraph GGG, the misconduct is not required to be reviewed with the prisoner within 24 hours of the time the Misconduct Report is written.   The misconduct also shall not be dismissed on timeliness grounds unless the delay between the time when a violation occurred and the time the report is reviewed has resulted in actual prejudice to the charged prisoner.   If the prisoner is found guilty, the hearing officer may assign only the

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| POLICY DIRECTIVE | 07/01/2018 | 03.03.105 | PAGE  10  OF  13 |

sanctions of loss of privileges and/or restitution, as appropriate; if loss of privileges is ordered, the privileges to be withheld shall be determined by the Director of the Corrections Mental Health Program or designee.

JJJ.   Whenever a Misconduct Report is not written or processed due to the prisoner's mental disability, including if it is not processed because the disciplinary process is determined to be detrimental to the prisoner's treatment needs, the prisoner's behavior shall be documented in the prisoner's health record and addressed therapeutically.   If the prisoner's behavior was violent or assaultive or related to an attempt to escape, the incident shall be discussed in the prisoner's discharge summary and other appropriate reports (e.g., Special Problem Offender Notice) to ensure that it is brought to the attention of facility staff.   Such behavior also shall be included in the Parole Eligibility/Lifer Review Report (CSJ-123) in accordance with PD 06.05.103 "Parole Eligibility/Lifer Review Reports".

MISCONDUCT SANCTIONS

KKK.   Upon a finding of guilt in a misconduct hearing, the hearing officer shall impose one or more of the sanctions set forth in Attachment D.   The hearing officer or, for Class II misconducts, the Hearing Investigator shall assign the dates for which the sanctions are to be imposed.   Except for detention and extra duty, sanctions imposed shall begin and end at 6:00 a.m. at the conclusion of any previous misconduct sanctions remaining to be served; except for extra duty, sanctions imposed shall run on consecutive days.   Hearing officers may consider all relevant information in determining a sanction, including the prisoner's prior record of misconduct guilty findings, any mitigating or aggravating circumstances, and, for prisoners for whom a Misconduct Sanction Assessment (CSJ-331) was completed, information provided by the QMHP and/or special education teacher on that form.

LLL.   A hearing officer may give a prisoner credit for time spent in temporary segregation or on toplock pending a hearing but is not required to do so.   The sanction given by the hearing officer, and the time during which the sanction is to be served, shall not be changed by the facility except as set forth in Paragraph RRR.

TOPLOCK

MMM.   A prisoner on toplock is restricted to his/her own cell, room, or bunk and bunk area.   For purposes of this section, "bunk area" is defined as the prisoner's bunk and the floor area next to the prisoner's bunk which extends to the mid-point between the adjacent bunks on all sides.   If a prisoner is housed in a multiple occupancy cell or room, toplock may consist of placement in a cell/room which is designated as a toplock cell/room.   If placed in such a cell/room, the prisoner shall be given the same access to his/her property which would be provided if housed in his/her own cell/room and shall be treated in all other respects as being on toplock.

NNN.   A prisoner on toplock shall not leave his/her cell, room, or bunk area for any reason without specific authorization from the appropriate staff person.   The prisoner may be deprived of use of his/her television, radio, tape player, and portable media player while on toplock as provided in the facility operating procedure.

OOO.   Prisoners shall be released from toplock for regular showers, visits, medical care (including individual and group therapy), school, and law library.   The Warden or designee may authorize prisoners on toplock to go to the dining room, work assignments, and/or other specified activities, including group religious services; prisoners not released from toplock for store and Securepak orders shall have store and Securepak orders delivered to them. Prisoners on toplock shall have a minimum of one hour per day of out-of-cell activity, which may include all out-of-cell activities authorized by this paragraph.

LOSS OF PRIVILEGES

PPP.   Attachment E identifies those privileges that may be lost by a prisoner as a result of a loss of privileges sanction.   Unless the hearing officer identifies specific privileges to be lost, a loss of privileges sanction includes all privileges identified in Attachment E.   If all privileges are lost, the hearing officer need only identify the number of days and dates during which the sanction will run.

| DOCUMENT TYPE<br>POLICY DIRECTIVE | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105 | |
|---|---|---|---|
| | | | PAGE 11 OF 13 |

### YARD PRIVILEGES WHILE SERVING A SANCTION

QQQ. A prisoner serving a sanction of detention, toplock, loss of privileges, or any combination of these sanctions, shall not be deprived of yard for more than 30 consecutive days without being provided a seven - day break during which the prisoner shall be given the opportunity for yard consistent with his/her status (i.e., one hour per day in general population; one hour per day, five days per week, in segregation). However, yard privileges for all segregation prisoners are subject to restriction by written order of the Warden or Deputy Warden as set forth in PD 04.05.120 "Segregation Standards".

### WAIVER OF SANCTIONS BY WARDEN

RRR. The Warden may waive all or any part of a sanction period that has not been served by a prisoner. If the prisoner is being reclassified to general population, including for placement in any Residential Mental Health Treatment program, all of the remaining detention sanction must be waived; it cannot be waived in part. The excused sanction periods shall be documented in writing by the Warden and placed in the prisoner's Record Office and Counselor files, as appropriate. An excused sanction may not be reinstated in whole or in part at a later date.

## MISCONDUCT APPEALS/REQUEST FOR REHEARING

### CLASS I MISCONDUCT APPEALS

SSS. If the prisoner or Warden disagrees with the results of a Class I misconduct hearing, s/he may submit a Request for Rehearing to the Hearings Administrator; no other staff may request a rehearing from the Administrator. The request must be submitted using a Request for Rehearing (CSJ-418) within 30 calendar days after a copy of the Class I Misconduct Hearing Report is received. The Request for Rehearing form shall be available to prisoners upon request from the hearing officer or housing unit staff. A copy of the Misconduct Report and Class I Misconduct Hearing Report being appealed shall be attached to the Request for Rehearing when submitted.

TTT. Generally, a Request for Rehearing will be decided within 30 calendar days after receipt of a properly completed Request for Rehearing form. A rehearing may be ordered by the Hearings Administrator in response to a Request for Rehearing or on her/his own motion. In accordance with MCL 791.254, a rehearing shall be ordered if any of the following are found to have occurred:

1. The record of testimony made at the hearing is inadequate for judicial review.

2. The hearing was not conducted pursuant to applicable statutes or policies and rules of the Department and departure from the statute, rule, or policy resulted in material prejudice to either party.

3. The prisoner's due process rights were violated.

4. The decision of the LARA hearing officer is not supported by competent, material, and substantial evidence on the record as a whole.

5. The LARA hearing officer was personally biased in favor of either party.

### CLASS II AND III MISCONDUCT APPEALS

UUU. A prisoner who is found guilty of a Class II misconduct may file an appeal of the facility hearing officer's decision to the Deputy Warden. A Class II and Class III Misconduct Appeal form (CSJ-274) shall be used for this purpose. The appeal must be filed within 15 days after receipt of the hearing officer's written decision. If the misconduct charge is combined with a Class I misconduct charge for which the prisoner was found guilty, the prisoner shall instead file a Request for Rehearing as set forth in Paragraph SSS.

VVV. A prisoner who is found guilty of a Class III misconduct may file an appeal of the facility hearing officer's decision to appropriate supervisory level staff as determined by the Warden. A Class II and Class III Misconduct Appeal form (CSJ-274) shall be used for this purpose. The appeal must be filed within 15

| DOCUMENT TYPE<br>POLICY DIRECTIVE | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105 | |
|---|---|---|---|
| | | | PAGE  12  OF  13 |

calendar days after receipt of the hearing officer's written decision. If the misconduct charge is combined with a Class II misconduct charge for which the prisoner was found guilty, the prisoner shall instead file an appeal as set forth in Paragraph UUU. If the misconduct charge is combined with a Class I misconduct charge for which the prisoner was found guilty, the prisoner shall instead file a Request for Rehearing as set forth in Paragraph SSS.

WWW. A response shall be provided in writing to an appeal filed pursuant to Paragraph UUU or VVV within 30 calendar days after receipt of the appeal. The hearing officer's decision shall be reversed, and a rehearing may be ordered, if any of the following are found to have occurred:

    1.    The hearing was not conducted pursuant to Department policies and procedures and the departure from policy and procedure resulted in material prejudice to the prisoner.

    2.    The prisoner's due process rights were violated.

    3.    The decision of the hearing officer is not supported by the evidence on the record.

XXX. The Warden may reverse a hearing officer's decision, and may order a rehearing, on his or her own initiative for any of the reasons set forth in Paragraph WWW.

<u>ENTRY ON DATABASE</u>

YYY. The Warden of the institution where the hearing is conducted shall ensure that all Class I and Class II misconduct hearing results are entered onto the Department's computerized database (e.g., CMIS; OMNI). Guilty findings shall be entered within one business day after the hearing.

ZZZ. If all Class I or Class II charges on a Misconduct Report result in a not guilty or dismissed finding, or if all charges are reduced to Class III violations, the hearing results shall be entered into the Department's computerized database for research and statistical reporting purposes only. Except for designated staff in the Office of Legal Affairs and other staff authorized by the Administrator of the Office of Legal Affairs, the results shall not be accessible by users of the computerized database. After entry and auditing of this information, the Hearing Reports used for entry shall be destroyed.

<u>OTHER ACTIONS RESULTING FROM MISCONDUCT</u>

AAAA. A prisoner cannot earn good time or disciplinary credits during any month in which s/he engaged in behavior for which s/he is subsequently found guilty of a Class I misconduct. In addition, the Warden may forfeit all or a portion of the prisoner's earned good time or disciplinary credits due to the guilty finding as set forth in PD 03.01.100 "Good Time Credits" and PD 03.01.101 "Disciplinary Credits".

BBBB. A prisoner who is serving a sentence subject to disciplinary time who is found guilty of a Class I misconduct violation shall accumulate disciplinary time on that sentence as set forth in PD 03.01.105 "Disciplinary Time".

CCCC. Each prisoner who is found guilty of a non-bondable Class I misconduct shall be reviewed by the Security Classification Committee to ensure the prisoner is still at the appropriate security level. Each prisoner also shall be reviewed by appropriate staff to determine if the prisoner's assaultive or property risk classifications have changed.

DDDD. A prisoner may be reclassified to administrative segregation based solely on a Class I misconduct guilty finding without a separate hearing being conducted, consistent with PD 04.05.120 "Segregation Standards". A prisoner may be reclassified to administrative segregation based on the behavior underlying the Class II misconduct for which the prisoner was found guilty only if a separate hearing is conducted pursuant to PD 04.05.120.

EEEE. A prisoner who is found guilty of misconduct may be referred to other appropriate staff or services, such as for psychological or psychiatric evaluation, counseling, program reclassification, or security reclassification. Class I and II misconduct guilty findings, however, shall be used to determine the appropriate security classification of a prisoner.

| DOCUMENT TYPE POLICY DIRECTIVE | EFFECTIVE DATE 07/01/2018 | NUMBER 03.03.105 | PAGE  13  OF  13 |
| --- | --- | --- | --- |

## PROCEDURES

FFFF.   Wardens shall ensure that procedures are developed as necessary to implement requirements set forth in this policy directive; this shall be completed within 60 calendar days after the effective date of the policy directive.   This requirement includes ensuring that their existing procedures are revised or rescinded, as appropriate, if inconsistent with policy requirements or no longer needed.   Facility procedures shall not conflict with operating procedures issued by the Director.

## AUDIT ELEMENTS

GGGG. A Primary Audit Elements List has been developed and is available on the Department's Document Access System to assist with self audit of this policy, pursuant to PD 01.05.100 "Self Audit of Policies and Procedures".

## ATTACHMENTS

HHHH.  This policy directive contains the following attachments:

1.      Attachment A - Class I Misconducts
2.      Attachment B - Class II Misconducts
3.      Attachment C - Class III Misconducts
4.      Attachment D - Disciplinary Sanctions
5.      Attachment E - Loss of Privileges

APPROVED: HEW 06/20/2018

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| PD ATTACHMENT | 07/01/2018 | 03.03.105A | PAGE 1 OF 3 |

## ATTACHMENT A

## CLASS I MISCONDUCTS

| <u>CODES</u><br>(Used Only by Hearing Officers for Reporting Purposes) | <u>CLASS I RULE VIOLATIONS</u><br>(Including Attempt, Accomplice to, and Conspiracy to Commit) | <u>COMMON EXAMPLES</u> |
|---|---|---|
| 007 (Prisoner victim)<br>008 (Staff victim)<br>009 (Other victim) | * <u>Assault and Battery</u><br>Intentional, non-consensual touching of another person done either in anger or with the purpose of abusing or injuring another; physical resistance or physical interference with an employee.   Injury is not necessary but contact is. | Throwing urine or feces or spitting on another person; physically resisting staff efforts to apply restraints. (NOTE:  The victim of an assault and battery should not be charged with a violation of this rule). |
| 003 (Prisoner victim)<br>004 (Staff victim)<br>005 (Other victim) | * <u>Assault Resulting in Serious Physical Injury</u><br>Physical attack on another person which resulted or was intended to result in serious physical injury.   Serious physical injury means any injury which would ordinarily require medical treatment. | Attack using a knife, club, or other weapon; assault involving use of closed fists, kicking. |
| 001 (Escape from Level I)<br>050 (Escape from secure facility) | * <u>Escape</u><br>Leaving or failing to return to lawful custody without authorization; failure to remain within authorized time or location limits while on a public works crew. | Leaving from hospital trip or while housed at hospital. |
| 017 | * <u>Failure to Disperse</u><br>Failure or refusal of a prisoner to leave an area in which a disturbance is occurring when the prisoner is physically able to leave; includes obstruction of staff at the scene of the disturbance.  Disturbance is defined as a fight between prisoners, subduing or taking into custody of a prisoner or prisoners by staff, destruction of property, or any similar action or occurrence. | Preventing a staff member from coming to the aid of other staff; remaining at the scene of a fight to observe or offer encouragement to combatants; blocking staff who are removing a prisoner from an area. |
| 002 | <u>Felony</u><br>Any act that would be a felony under state law is also a Class I misconduct violation. Reference shall be made to the specific statutory citation in all cases where this charge is alleged. | Breaking and entering - MCL 750.110. (NOTE: Use this charge only if there is no other specific violation which is applicable). |
| 014 | * <u>Fighting</u><br>Physical confrontation between two or more persons, including a swing and miss, done in anger or with intent to injure. | Fights between prisoners, whether with fists, broom handles, or other weapons. |
| 010 | * <u>Homicide</u><br>Causing death of another person by any means. | |
| 022 | * <u>Incite to Riot or Strike; Rioting or Striking</u><br>Advocating or instigating actions which are | Encouraging other prisoners to take group action to injure staff, destroy |

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| PD ATTACHMENT | 07/01/2018 | 03.03.105A | PAGE 2 OF 3 |

intended to seriously endanger the physical safety of the facility, persons, or property or to disrupt the operation of the facility by group cessation of normal activity; participation in such action; joining others in unauthorized work stoppage.

property, or disrupt normal operations; refusal of prisoners as a group to leave the yard when instructed by staff to do so.

030                 *     Possession of Dangerous Contraband
Unauthorized possession of an explosive, acid, caustic, toxin, material for incendiary device; any escape material; bodily fluid stored in a container within a cell or room; tattoo device; cell phone or other electronic communication device or accessory; a critical or dangerous tool or other item needing to be strictly controlled as specifically identified in the attachments to PD 04.04.120 "Tool Control," including failure to return any item covered by the definition which is signed out for a work or school assignment or any other purpose.

Unauthorized possession of gasoline, lighter, matches, toilet bowl cleaner; any escape material which includes but is not limited to rope, grappling hook, documents depicting, encouraging, or describing methods of escape from a correctional facility; blueprints, drawings, or similar detailed descriptions of correctional facilities, courthouses, and medical care facilities; detailed roadmaps of Michigan, any state contiguous to Michigan, or the province of Ontario, Canada, etc.; screwdriver, hammer, or cell phone battery or charger.     (NOTE: Possession of any item covered by this definition with the intent to cause physical injury should be charged as Possession of a Weapon).

029                 *     Possession of Weapon
Unauthorized possession of any item designed or intended to be used to cause or threaten physical injury to another person; unauthorized possession of piece, strip, or chunk of any hard material which could be used as a weapon or in the creation of a weapon.

Possession of a prison-made knife, club, or any item fashioned or intended as a weapon; possession of a rock.

013 (Prisoner victim; sexual acts)
051 (Prisoner victim; abusive sexual contact)
052 (Staff victim)
053 (Other victim)                 *     Sexual Assault
Non-consensual sexual acts, meaning sexual penetration of, or sexual contact with, another person without that person's consent or with a person who is unable to consent or refuse; abusive sexual contact, meaning physical contact with another person for sexual purposes without that person's consent or with a person who is unable to consent or refuse.

Rape; intentional touching of sexual area (e.g. buttocks, breasts, genitals) without consent; kissing or embracing without consent of one who is kissed or embraced.

033 (Prisoner/prisoner contact)
054 (Prisoner/other-contact)
055 (Exposure)
056 (Imitating appearance)
057 (Words/actions of a sexual nature)                 Sexual Misconduct
Consensual touching of the sexual or other parts of the body of another person for the purpose of gratifying the sexual desire of either party, except that an embrace of a visitor at the beginning and end of a visit, or holding hands with a visitor during a visit is not sexual misconduct; intentional exposure of the sexual organs to another person in a location or manner where such exposure has no legitimate purpose; imitating the

Kissing, hugging, intercourse, or sodomy; exposure of sexual organs when prisoner knows staff will be making rounds; wearing clothing of the opposite sex; wearing of makeup by male prisoners; whistling at and making sexual remarks to another person; making propositions of a sexual nature. (NOTE: Threats of sexual assault should be charged as Threatening

| DOCUMENT TYPE PD ATTACHMENT | EFFECTIVE DATE 07/01/2018 | NUMBER 03.03.105A | PAGE 3 OF 3 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | appearance of the opposite sex; words or actions of a sexual nature directed at another person in order to harass or degrade that person. | Behavior). |
| 045 | * | <u>Smuggling</u> Bringing or attempting to bring any unauthorized item into or out of a correctional facility or a specialized area or unit within a facility such as segregation. | Receiving jewelry, shoes, etc. during a visit. |
| 034 (Alcohol) 039 (Marijuana) 040 (Heroin/morphine) 041 (Cocaine) 042 (Other substance) 043 (Drug test refusal) 044 (Narcotics paraphernalia) 046 (Tobacco product) | | <u>Substance Abuse</u> Possession, use, selling, or providing to others, or being under the influence of, any intoxicant, inhalant, controlled substance (as defined by Michigan statutes), alcoholic beverages, marijuana or any other substance which is used to cause a condition of intoxication, euphoria, excitement, exhilaration, stupefaction, or dulling of the senses or nervous system; unauthorized possession or use of prescribed or restricted medication; possession of narcotics paraphernalia; failure or refusal to voluntarily submit to substance abuse testing which is requested by the Department for the purpose of determining the presence in the prisoner of any substance included in this charge; possession of a tobacco product. | Narcotics paraphernalia includes such items as marijuana and "crack" pipes, needles and syringes which are used to administer narcotics, but does not include such items as "roach clips" and cigarette papers; failure to return prescribed or restricted medication after its authorization date has expired. |
| 012 | * | <u>Threatening Behavior</u> Words, actions, or other behavior which expresses an intent to injure or physically abuse another person. Such misconduct includes attempted assault and battery. | Threat of sexual assault made by one prisoner to another prisoner; writing threatening letter to another person; threat made to a third person. |

\*    Nonbondable Charge

NOTE: A Class II misconduct that occurred during or in connection with a visit shall be elevated to a Class I misconduct at the time of review.   Any other Class II misconduct may be elevated to a Class I misconduct by the reviewing officer based on the seriousness of the specific facts as stated in the misconduct or the circumstances of the misconduct.    If elevated, the hearing officer shall change the first digit of the misconduct code from a "4" to a "0" (for example, 420 changed to 020 if elevated).

| DOCUMENT TYPE<br>PD ATTACHMENT | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105B | PAGE  1  OF  2 |
|---|---|---|---|

## ATTACHMENT B

## CLASS II MISCONDUCTS

| CODES<br>(Used Only by Hearing Investigators for Reporting Purposes.) | CLASS II VIOLATIONS<br>(Including Attempt, Accomplice to, and Conspiracy to Commit) | COMMON EXAMPLES |
|---|---|---|
| 424 | <u>Bribery of an Employee</u><br>Offering to give or withhold anything to persuade an employee to neglect duties or perform favors. | |
| 432 | <u>Creating a Disturbance</u><br>Actions or words of a prisoner which result in disruption or disturbance among others but which does not endanger persons or property. | |
| 427 | <u>Destruction or Misuse of Property</u><br>Any destruction, removal, alteration, tampering, or other unauthorized use of property; unauthorized possession of a component part of an item. | Tampering with locking device; use of a door plug; destruction of property belonging to another person; unauthorized use of a telephone or using another prisoner's Personal Identification Number (PIN) to make a telephone call; possession of television or tape player parts. |
| 420 | <u>Disobeying a Direct Order (DDO)</u><br>Refusal or failure to follow a valid and reasonable order of an employee. | Refusal to submit to a shakedown; fleeing from staff after being directed to stop. |
| 438 | <u>Gambling: Possession of Gambling Paraphernalia</u><br>Playing games or making bets for money or anything of value; possession of gambling equipment, or other materials commonly associated with and intended for wagering. | Possession of dice, betting slips, point spreads, items used as counters in a card game, and similar items. |
| 426 | <u>Insolence</u><br>Words, actions, or other behavior which is intended to harass, degrade, or cause alarm in an employee. | Using abusive language to refer to an employee; writing about or gesturing to an employee in a derogatory manner. |
| 423 | <u>Interference with the Administration of Rules</u><br>Acts intending to impede, disrupt, or mislead the disciplinary process for staff or prisoners, including failure to comply with a loss of privileges sanction imposed as a result of a misconduct guilty finding. | Intimidating or tampering with a witness; tampering with evidence; interfering with an employee writing a misconduct report; breaking toplock without authorization; making false accusations of misconduct against another prisoner or staff which results in disciplinary action being initiated against the person. (NOTE: If written as result of a grievance, it must be shown that prisoner knew allegation was false when s/he |

| DOCUMENT TYPE<br>PD ATTACHMENT | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105B | PAGE 2 OF 2 |
| --- | --- | --- | --- |

made it and intentionally filed a false grievance. Ordinarily, the statement of staff member refuting the claim will not be sufficient.)

436    Out of Place
Being within the lawful boundaries of confinement and not attempting to escape, but in a location without the proper authorization to be there; absent from where one is required to be; being outside own housing unit without prisoner identification card; being absent from required location during count.

"Skating" in another block; no pass; no I.D. card; failure to be where required by call-out or detail; failure to remain on own bunk or other location as designated by facility rules during count. (NOTE: "Skating" in own housing unit during the day is a Class III misconduct unless on toplock.)

421    Possession of Forged Documents; Forgery
Knowingly possessing a falsified or altered document; altering or falsifying a document with the intent to deceive or defraud; unauthorized possession or use of the identification card, prisoner store card, pass, or detail of another prisoner.

A fake pass, application, etc. which is represented to be true; unauthorized alteration or removal of metered mail stamp; unauthorized alteration of metered envelope.

431    Possession of Money
Possession of money or money from unauthorized sources.  Money is defined as cash, negotiable instrument, credit card, or blank check.

Arranging to obtain money from another prisoner or from a family member or friend of another prisoner.

437    Possession of Stolen Property; Theft
Possession of property which the prisoner knows, or should have known, has been stolen; any unauthorized taking of property which belongs to another.

435    Unauthorized Occupation of Cell or Room
Being in another prisoner or prisoners' cell or room, or clearly defined living area, without specific authorization from staff; being present in any cell, room, or other walled area with another prisoner or prisoners or a member or members of the public without staff authorization.

Two prisoners in a "one-person" cell; being in a room, cell, bay, cubicle, or other area to which the prisoner is not assigned; two prisoners in a restroom stall.

NOTE: A Class II misconduct that occurred during or in connection with a visit shall be elevated to a Class I misconduct at the time of review.   Any other Class II misconduct may be elevated to a Class I misconduct by the reviewing officer based on the seriousness of the specific facts as stated in the misconduct or the circumstances of the misconduct.    If elevated, the first digit of the misconduct code shall be changed from a "4" to a "0"; e.g., 420 changed to 020 if elevated.

| DOCUMENT TYPE | EFFECTIVE DATE | NUMBER | |
|---|---|---|---|
| PD ATTACHMENT | 07/01/2018 | 03.03.105C | PAGE  1  OF  1 |

## ATTACHMENT C

## CLASS III MISCONDUCTS

| (All are coded 049) | CLASS III VIOLATIONS<br>(Including Attempt, Accomplice to,<br>and Conspiracy to Commit) | COMMON EXAMPLES |
|---|---|---|
| | Abuse of Privileges<br>Intentional violation of any Department or institution regulation dealing with prisoner privileges unless it is specified elsewhere as a Class I or II misconduct. | |
| | Contraband<br>Possession or use of non-dangerous property which a prisoner has no authorization to have, but there is no suspicion of theft or fraud. | Possession of unauthorized items or anything with someone else's name or number on it; having excessive store items. |
| | Excessive Noise<br>Creation of sound, whether by use of human voice, a radio, TV, or any other means, at a level which could disturb others. | Playing TV or radio above allowable level; banging objects against cell bars. |
| | Health, Safety, or Fire Hazard<br>Creating a health, safety, or fire hazard by act or omission. | Dirty cell; lack of personal hygiene. |
| | Horseplay<br>Any physical contact, or attempted physical contact, between two or more persons done in a prankish or playful manner without anger or intent to injure or intimidate. | Towel snapping at others in showers; playful body punching. |
| | Lying to an Employee<br>Knowingly providing false information to an employee. | Giving a false name, number, or room/cell assignment. (NOTE: making false accusations of misconduct is included under the Class II violation of Interference with Administration of Rules.) |
| | Temporary Out of Place/Bounds<br>In own housing unit during the day; out of place for a brief time or adjacent to where supposed to be. | |
| | Unauthorized Communications<br>Any contact, by letter or gesture or verbally, with an unauthorized person or in an unauthorized manner. | Love letters to another prisoner; passing property on a visit either directly or through a third person. |
| | Violation of Posted Rules<br>Violation of rules of housing units, dining room, work, or school assignment which is not covered elsewhere. | Violation of kitchen sanitary regulations; wasting food; excessive noise in housing unit, playing TV or radio without earphone. |

| DOCUMENT TYPE<br>PD ATTACHMENT | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105D | |
|---|---|---|---|
| | | | PAGE  1  OF  1 |

# ATTACHMENT D

## DISCIPLINARY SANCTIONS

Sanctions for Class I Misconduct

The hearing officer shall impose one or more of the following sanctions upon a finding of guilt with the maximum reserved for only the most serious or persistent violators.

A.   Detention (punitive segregation), not to exceed 10 days for each violation or 20 days for all violations arising from a single incident.

B.   Toplock, not to exceed 30 days for each violation, but not to be combined with a detention sentence.

C.   Loss of privileges, not to exceed 30 days for each violation or 60 days for all violations arising from a single incident.

D.   Restitution and/or disgorgement of funds/ill-gotten gains.

Sanctions for Class II Misconduct

The hearing officer to conduct Class II hearings shall impose one or more of the following sanctions upon a finding of guilt with the maximum reserved for only the most serious or persistent violators:

A.   Toplock (confinement to quarters), not to exceed five days for all violations arising from a single incident.
B.   Loss of privileges, not to exceed 30 days for all violations arising from a single incident.

C.   Assignment of extra duty, not to exceed 40 hours for all violations arising from a single incident.

D.   Restitution and/or disgorgement of funds/ill-gotten gains.

Sanctions for Class III Misconduct

The hearing officer shall impose one or more of the following sanctions upon a finding of guilt, with the maximum reserved for only the most serious or persistent violators:

A.   Toplock (confinement to quarters), not to exceed five days for all violations arising from a single incident.

B.   Loss of privileges, not to exceed 15 days for all violations arising from a single incident.

C.   Assignment of extra duty, not to exceed 20 hours for all violations arising from a single incident.

D.   Counseling and reprimand.

| DOCUMENT TYPE<br>PD ATTACHMENT | EFFECTIVE DATE<br>07/01/2018 | NUMBER<br>03.03.105E | PAGE  1   OF   1 |
|---|---|---|---|

## ATTACHMENT E

## LOSS OF PRIVILEGES SANCTION

Unless the hearing officer identifies specific privileges to be lost, all of the following privileges will be lost by a prisoner as a result of a "loss of privileges" sanction:

A.     Day room, activity room, TV room, study room, or other designated area where similar activities occur.

B.     Exercise facilities, such as yard, gym, and weight room/pit.

C.     Group meetings, such as Bible class and Jaycees, but not including primary religious worship service; this does not apply to group therapy.

D.     Out of cell hobbycraft activities.

E.     Kitchen area, including microwave, ice machine, and hot water dispenser.

F.     Direct access to general library (not law library; prisoners in segregation shall continue to have books delivered to them consistent with PD 04.05.120 "Segregation Standards").

G.     Movies.

H.     Music practice; musical instruments.

I.     Radio, tape player, television, and portable media player as set forth in facility procedures.

J.     Leisure time activities offered pursuant to PD 05.03.104 "Leisure Time Activities," except as approved by Warden or designee.

K.     Telephone, except calls to the Office of Legislative Corrections Ombudsman and to return calls from an attorney upon request of the attorney.

L.     Visiting.   This applies only if hearing officer identified in the hearing report that the misconduct occurred in connection with a visit, and only with the visitor named in the hearing report.

M.     Use of kiosk (e.g., to send/receive electronic messages or retrieve account information).