UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON CANTRELL #397429,

    Plaintiff,                               Hon. Gordon J. Quist

v.                                        Case No. 1:18-cv-1163

ANTHONY HEILIG, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Partial Summary Judgment. (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility, but the events giving rise to this matter occurred while Plaintiff was housed at the Bellamy Creek Correctional Facility. In his amended complaint, (ECF No. 40), Plaintiff alleges the following.

On August 19, 2017, Corrections Officer Anthony Heilig searched Plaintiff's cell. During this search, Heilig destroyed photographs of Plaintiff's family, placed certain items of Plaintiff's clothing in the toilet, and scattered the rest of Plaintiff's clothing throughout the cell. Upon realizing what Heilig had done to his personal property,

-1-

Plaintiff informed Heilig that he wanted to speak with a sergeant or shift commander so that he could "redress his grievance" regarding Heilig's conduct. Heilig responded by telling Plaintiff to "go lock your punk ass down."

Approximately 45 minutes later, Plaintiff's cell door was opened "for medication lines." Plaintiff exited his cell and attempted to speak with a sergeant regarding Heilig's conduct. Heilig encountered Plaintiff and instructed him to return to his cell. Heilig further stated to Plaintiff, "keep it up and you're going to get what's coming to you." Plaintiff returned to his cell, but remained in the doorway with the intention of preventing his cell door from closing. Heilig interpreted Plaintiff's action as a refusal to lockdown and requested assistance. Heilig then placed Plaintiff in handcuffs after which Corrections Officer Scott Arp arrived to assist.

Heilig and Arp began walking Plaintiff away from the housing unit. As the group neared a stairwell, Heilig stated to Plaintiff, "get ready, I have something special for your bitch ass." Even though Plaintiff was not resisting, Heilig began repeatedly shouting, "stop resisting." Arp then forced Plaintiff to the ground after which Heilig began assaulting Plaintiff. As a result of this encounter, Heilig charged Plaintiff with assault of a staff member. Following a hearing, Plaintiff was found not guilty of this charge.

Plaintiff asserts two claims against Heilig and Arp. Plaintiff alleges that Defendants Heilig and Arp subjected him to excessive force. Plaintiff further alleges

that Defendant Heilig charged him with assault as retaliation for "requesting to speak with a supervisor." Plaintiff seeks declaratory and monetary relief. Defendant Heilig now moves for partial summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies as to his retaliation claim. Plaintiff opposes the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th

Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that

no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Pursuant to this Policy Directive, matters regarding "decisions made in hearings conducted by hearing officers" are non-grievable and, therefore, cannot be exhausted through the prison grievance process. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ (F)(2) (effective July 9, 2007). Instead, as the Sixth Circuit has held, to properly exhaust the claim that a misconduct charge was asserted for retaliatory reasons, the prisoner must assert the claim during the initial misconduct hearing.

In *Siggers v. Campbell*, 652 F.3d 681 (2011), Siggers filed a grievance alleging that a prison employee falsely charged him with a misconduct violation. *Id.* at 690. The grievance was rejected, however, on the ground that issues directly related to the hearing process are not grievable. *Ibid.* Siggers' attempts to further pursue this grievance were thwarted by prison officials. *Id.* at 694. Siggers later initiated a civil rights lawsuit alleging, in part, that the prison official "wrote bogus and unsubstantiated misconduct reports against him." *Id.* at 684. The district court, however, determined that Siggers had failed to properly exhaust this claim. *Id.* at 691-92.

Siggers appealed the matter to the Sixth Circuit arguing that because his attempts to pursue the matter through all three steps of the prison grievance process were thwarted, his claim should be deemed exhausted. *Id.* at 694. The court disagreed, however, on the ground that Siggers' attempts to resolve the matter through the prison grievance process were irrelevant. As the court concluded, because the

grievance in question concerned the issuance of a major misconduct charge, Siggers was obligated to raise his claim that the charge was improperly motivated during the misconduct hearing. *Ibid.*; *see also, Miller v. Klee*, 2018 WL 1354473 at *5 (E.D. Mich., Feb. 23, 2018) ("a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies"); *Smith v. Goulet*, 2018 WL 3688468 at *2 (W.D. Mich., Aug. 3, 2018) (same).

In support of his motion for summary judgment, Defendant Heilig has submitted copies of the following items: (1) the misconduct report charging Plaintiff with assault; (2) the hearing investigation report; and (3) the misconduct hearing report. (ECF No. 17 at PageID.67-68, 70). Defendant Heilig argues that this evidence is sufficient to meet his burden of establishing that Plaintiff failed to raise in the misconduct hearing the claim that he was charged with assault for improper retaliatory purposes. In response, Plaintiff advances two arguments only, one of which the Court finds persuasive.

First, Plaintiff argues that whether he raised the issue of retaliation during the misconduct hearing is irrelevant because the MDOC grievance policy "does not notify prisoners that retaliation claims are to be presented during a misconduct hearing." As noted above, the Sixth Circuit, relying on the MDOC grievance policy, has flatly rejected this argument.

Next, Plaintiff argues that Defendant's submissions are insufficient to meet his burden on the affirmative defense of exhaustion. The Court agrees. While the three items submitted by Defendant do not establish that Plaintiff raised his retaliation claim during the hearing, neither do these items demonstrate that Plaintiff failed to do so. Defendant has presented no evidence establishing that the hearing officer was generally obligated to, or did in this particular instance, record in the hearing report or investigation report every statement, assertion, defense, or claim by the individuals participating in an investigation or hearing. The Court also notes that while Defendant could have secured an affidavit from the hearing officer regarding this issue, he has declined to do so.

Simply put, the evidence submitted by Defendant does not definitively establish that Plaintiff failed to raise the issue of retaliation during the administrative hearing, but instead merely establishes that the hearing officer did not record whether Plaintiff did so. Accordingly, the undersigned concludes that Defendant Heilig has failed to meet his burden in this matter. Accordingly, the undersigned recommends that Defendant's motion for partial summary judgment be denied.[1]

---

[1] In resolving the present motion, the Court has not considered the undated and unsworn declaration offered by Plaintiff. (ECF No. 40-1 at PageID.161). This declaration is neither properly sworn nor complies with 28 U.S.C. § 1746 which requires such unsworn declarations to be dated.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Partial Summary Judgment, (ECF No. 16), be denied.


Date: October 17, 2019                                /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).