UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JASON CANTRELL #397429,

    Plaintiff,                               NO. 1:18-cv-1163

v                                                  HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF          MAG. PHILLIP J. GREEN
CORRECTIONS, ANTHONY HEILIG,
and SCOTT ARP,

    Defendants.

| Daniel Manville (P39731) | Kristie A. Sparks (P79177) |
|---|---|
| Michigan State University | Assistant Attorney General |
| Attorney for Plaintiff | Attorney for MDOC Defendants |
| 610 Abbot Road | Michigan Department of Attorney |
| East Lansing, MI 48823 | General |
| (517) 913-9690 | MDOC Division |
| daniel.manville@law.msu.edu | P.O. Box 30217 |
| | Lansing, MI  48909 |
| | (517) 335-3055 |

_____/

**STIPULATED PROTECTIVE ORDER REGARDING DEFENDANTS'
EMPLOYMENT AND VIDEO RECORDS**

      The parties stipulate and enter into this order to protect against the disclosure of the documents and videos referenced below because they are potentially harmful to the safety, security, and good order of Michigan's prison system.  The release of these documents could also pose a threat to the safety and well-being of the individual defendants that are the subject therein.  Accordingly, the Court directs that the below referenced documents' and videos' production shall be subject to the following conditions:

## DOCUMENTS AND VIDEOS

Seven documents ("the documents") will be produced: (1) the employee file, including any applicable disciplinary history, of Defendant Anthony Heilig, (2) the employee file, including any applicable disciplinary history of Defendant Scott Arp (3) the disciplinary file (if applicable) of Keith Earegood, (4) the disciplinary file (if applicable) of David Verhaar, (5) the disciplinary file (if applicable) of Brady Krammers, (6) the disciplinary file (if applicable) of Lieutenant Gilbert, and (7) the disciplinary file (if applicable) of Sergeant Stump.  The documents stem from their individual employment with the Michigan Department of Corrections (MDOC).

Two videos ("the videos") will be produced: (1) taser footage from Officer Earegood on August 19, 2017, and (2) camera footage of Bellamy Creek Correctional Facility on August 19, 2017.  The videos stem from an incident that occurred at Bellamy Creek Correctional Facility on August 19, 2017.

## CONDITIONS OF PRODUCTION

The parties stipulate that good cause exists to limit the disclosure of the documents referenced above to the following conditions:

1.     The documents and videos will be provided to Plaintiff, Jason Cantrell's, counsel only.  Cantrell himself will not be provided, and is not allowed, to view the documents or videos.  Only Cantrell's attorney, which is Daniel Manville, his paralegals and clerical assistants in reference to this litigation, will be authorized to view the documents and videos.  The documents and videos are not to be released to the general public.  The documents and videos may not be

disseminated to or kept by any witness. At the conclusion of this case, all copies of the disk(s) and files listed above shall either be destroyed or returned to the undersigned Assistant Attorney General (or her successor), for disposition by the MDOC.

      2.      The parties further stipulate that the documents and videos shall only be used in above captioned case currently pending in the United States District Court, Western District of Michigan, 1:18-cv-1163. The documents and videos may not be used in any pleading filed with any court, and may not be used in any court proceeding, unless they are filed under seal per Fed. R. Civ. P. 5.2 and applicable local rules (this includes trial exhibits of the records covered by this Protective Order).

If, however, the parties identify a good-faith reason that the documents and videos should be used in a court pleading or proceeding, it must first seek leave of this Court via briefing, in accordance with the applicable court rules, before such use. Any party may move the Court for an order that the documents and videos are to be examined only *in camera* or under other conditions that prevent unnecessary disclosure. On examination, the Court may determine what protection, if any, will be afforded the material in any pleading or proceeding.

      3.      This stipulation and order is intended to protect the confidentiality of the documents and videos, while also facilitating the speedy conclusion of discovery. It should not be construed in any way as an admission or agreement by any party that the designated disclosure actually constitutes or contains any privileged,

confidential, or proprietary information under applicable law. Disclosure of all or part of a document or video subject to this Protective Order, does not act as a waiver of any exemption, affirmative defense, or legal argument that may be raised by any party.

4. Any party to this action may request, and the opposing party may agree, that the provisions of this stipulation be waived for one or all of the documents and videos. Any such waiver must be in writing, must be signed by counsel, and must be limited to the particular document(s) and video(s) specifically identified in such written waiver.

5. This Protective Order, insofar as it restricts the disclosure and use of a document or video, continues to be binding throughout and until the conclusion of this action, including all appeals. At the conclusion of this action, including all appeals, the documents and videos disclosed to Plaintiff's counsel during this litigation, including copies, must promptly be returned to counsel for the Defendants, or must be destroyed, except as otherwise provided by state of federal law.

IT IS SO ORDERED.

Dated: _____       _____
                                Honorable Phillip J. Green

Stipulated and Approved for Entry:

*/s/ Daniel Manville w/ permission*           */s/Kristie Sparks*
Daniel Manville (P39731)                      Kristie Sparks (P79177)
Attorney for Plaintiff                        Attorney for Defendants