UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JASON CANTRELL #397429,

    Plaintiff,

v.

A. HEILIG, et al.,

    Defendants,

_____/

Hon. Gordon J. Quist

Case No. 1:18-cv-01163-GJQ-PJG

## **ORDER**

This matter is before the Court on Plaintiff's Motion to Compel.  (ECF No. 65).  For the reasons discussed herein, Plaintiff's motion will be granted in part and denied in part.

On February 19, 2020, Plaintiff submitted to Defendants two requests for production.  (ECF No. 65, PageID.277, 285-87).  Defendants objected to this discovery on several grounds, including that these requests exceeded the amount of discovery permitted by the Court.  (ECF No. 65, PageID.285-86).  Plaintiff now moves the Court to "strike" Defendants' responses, require Defendants to "provide proper discovery responses," and "extend discovery indefinitely."

On March 18, 2019, the Court entered a Case Management Order (CMO), which limited the parties to a specific number of discovery requests and established discovery and dispositive motion deadlines.  (ECF No. 28).  On June 11, 2019, Plaintiff

moved to amend the CMO. (ECF No. 30). Specifically, Plaintiff requested: (1) an extension of the discovery deadline; (2) an extension of the dispositive motion deadline; (3) authorization for Defendant to depose Plaintiff; and (4) an order that "discovery requests are to follow the requirements stated in Rules 30, 34, 35, and 36, FRCP." (ECF No. 30).

On June 13, 2019, the Court granted Plaintiff's motion, expressly stating that the CMO would be amended to extend the discovery and dispositive motion deadlines. (ECF No. 33). The Court did not address Plaintiff's request that Defendant be permitted to depose Plaintiff, as such authorization was already expressly granted in the original CMO. (ECF No. 28, PageID.109). The Court likewise disregarded Plaintiff's request that discovery follow the Federal Rules of Civil Procedure. The Court had already entered a CMO articulating the limits and deadlines relevant to discovery in this matter. The parties are bound by the Federal Rules of Civil Procedure and absent evidence that these Rules were being disregarded, which Plaintiff has not demonstrated, requesting that these Rules be followed is an unnecessary request.

Thus, the Court's June 13, 2019, Order accomplished two things. It modified the CMO in two respects, and two respects only. It extended the discovery deadline and the dispositive motion deadline. Plaintiff's argument that the Court's Order somehow modified the amount of discovery he was permitted to serve is neither persuasive nor supported by the language of the Court's Order. Plaintiff's argument that implicit in his motion was a request to permit additional discovery, or revert to

the unlimited number of requests for production allegedly permitted under Rule 34, is rejected.

When Plaintiff filed the motion in question, the Court had already entered a CMO expressly limiting the number of requests for production each party could submit. Had Plaintiff sought a greater amount of such discovery, he should have expressly requested such. Requesting that "discovery requests are to follow the requirements stated in Rules 30, 34, 35, and 36, FRCP" falls far short of requesting additional discovery. Plaintiff does not dispute that the two discovery requests at issue exceed the number of such requests permitted by the CMO. Accordingly, Defendants' objection that the discovery in question was in violation of the CMO is sustained and Plaintiff's motion to compel denied.

Moreover, even if the Court was persuaded by Plaintiff's argument that the Court's June 13, 2019, Order permitted him to submit the two requests at issue, the result is the same. While Defendants objected to the discovery in question, they also responded to such. (ECF No. 65, PageID.285-86). Plaintiff does not object to the substance of Defendants' responses, but instead argues that it is improper to both object and respond to a discovery request. While this may be an accurate statement, the Court discerns no basis to strike a discovery response to which no substantive objection has been asserted. Accordingly, this argument is likewise rejected and Plaintiff's motion to compel denied on this alternative ground.

Finally, the Court will grant in part Plaintiff's motion to extend discovery. Plaintiff argues that he has been unable to depose Defendants due to "restriction imposed based on COVID-19." Defendants do not oppose extending discovery "for the purpose of depositions." While the Court agrees with the necessity, at this juncture, to afford Plaintiff additional time to depose Defendants, the Court rejects Plaintiff's request to extend this deadline indefinitely or to extend discovery for any purpose other than deposing Defendants.

Accordingly, the deadline by which Plaintiff must conduct depositions of Defendants is hereby extended to August 31, 2020. The dispositive motion deadline is likewise extended to September 30, 2020. If Plaintiff is unable to conduct the necessary depositions before that date, due to COVID-19-based restrictions,[1] the Court may consider extending this deadline further. No other date or limitation articulated in the Court's CMO, or any other Order, is amended, modified, or affected by this Order.

**IT IS SO ORDERED**.

Date: June 5, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

---

[1] The Court notes that the Federal Rule of Civil Procedure 31 permits deposition by written question, a procedure which presumably is not impacted by the COVID-19 restrictions to which Plaintiff alludes.