UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JASON CANTRELL #397429,

    Plaintiff,                               NO. 1:18-cv-1163

v                                                HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF          MAG. PHILLIP J. GREEN
CORRECTIONS, ANTHONY HEILIG,
and SCOTT ARP,

    Defendants.
_____

Dan Manville (P39731)                Josh Marcum (P68244)
Attorney for Plaintiff                  Assistant Attorney General
Civil Rights Clinic                    Attorney for MDOC Defendants
MSU College of Law                 Michigan Department of Attorney General
P.O. Box 1570                            MDOC Division
East Lansing, MI  48823            P.O. Box 30217
(517) 913-9690                          Lansing, MI  48909
daniel.manville@law.msu.edu      (517) 335-3055
                                            Marcumj1@michigan.gov
_____/

**BRIEF IN SUPPORT OF MDOC DEFENDANTS'**
<u>**MOTION TO SEAL DOCUMENTS**</u>

                                         Dana Nessel
                                          Attorney General

                                         Josh Marcum (P68244)
                                         Assistant Attorney General
                                         Attorney for MDOC Defendants
                                         MDOC Division
                                         P.O. Box 30217
                                         Lansing, MI 48909
                                         (517) 335-3055
                                         Marcumj1@michigan.gov
                                         P68244

Date:  September 18, 2020

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Court seal Defendants' Exhibit C, Exhibits E-N and Exhibit T to Defendants' Motion for Summary Judgment due to the confidential nature of the exhibits?

2. In the alternative, if this Court denies Defendants' request to seal, should the relevant exhibits be examined only *in camera* or under other conditions that prevent the unnecessary disclosure of the contents to the public, in accordance with paragraph 2 of the previously entered stipulated protective order (R. 56)?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

W.D. Local Civil Rule 10.6

# ARGUMENT

W.D. Local Civil Rule 10.6 permits a party to submit documents under seal, by motion, and upon a showing of good cause. In this case, Defendants wish to have the Court enter an Order accepting as sealed Defendants' Exhibit C, Exhibits E-N and Exhibit T that will be submitted as exhibits to Defendants' Motion for Summary Judgment.

**I. Defendants' Exhibit C and Exhibit T are confidential videos, Exhibits E-N are screen captures from Exhibit C.**

Defendants have offered two security videos that are material to Plaintiff's claims at Bellamy Creek Correctional Facility. The two videos are: 1) taser footage from August 19, 2017, and 2) facility camera footage of Bellamy Creek Correctional Facility from August 19, 2017. These videos depict events described in Plaintiff's Complaint and have been previously provided to Plaintiff's Counsel pursuant to a protective order. (Stipulation, R. 56; Order, R. 57.)

Defendants request the sealing of these videos because the public viewing of prison security footage creates a very serious security risk to the safety of the prison and prisoners alike. The release of this security footage to the public and/or to prisoners inside of any prison can present a security risk by allowing individuals to study not only the capabilities of the security camera system itself, but also the movements and procedures of prison employees. Such information can aid in the planning of disruptive events inside of the prison by allowing individuals to identify blind spots in the camera system, and even aid in identifying weaknesses in security and staff to effectuate disruption or escape.

Specifically, Defendants' Exhibit C depicts the physical layout of the housing unit, recording capability of the handheld taser unit, escort procedures and route to segregation.  Defendants' Exhibit T, in addition to the above, reveals the location and coverage capability of five (5) facility cameras, including a camera covering a large portion of the facility exterior.  Defendants request that these video records be accepted under seal to protect the confidentiality of the prison's safety and security capabilities.

Furthermore, numerous non-parties to this action are identifiable in these videos.  Defendants' Exhibit C includes Plaintiff's cellmate, several non-party staff members, and at least one bystander inmate.  Defendants' Exhibit T, along with revealing facility camera positions and other security measures, depicts numerous individuals not a party to this lawsuit.  Releasing such documentation to the public could create a risk to the safety of staff and other prisoners if a member of the public decides to use the information target and harm the persons identified in these documents.

Exhibits E-N are screen captures taken from Exhibit C.  As these exhibits are nothing more than still frames of that exhibit, Defendants ask that they be sealed for the same reasons and to the same extent.

Prison administrators have to be vigilant about what information about the security capabilities and practices are provided to the public.  The Michigan Department of Corrections (MDOC), through the Department of Attorney General, routinely seeks protection of security footage from their facilities from being available to the public because of the need to keep the limitations and capabilities of

the video monitoring systems confidential.  Here, the footage is necessary for the defense of the allegations brought by the Plaintiff because the videos show the specific conditions (cell condition) that form the basis of Plaintiff's First Amendment claim and the specific events (escort to segregation) that form the basis of Plaintiff's Eighth Amendment claim.  However, the need to keep this information out of the public record is still present and was previously recognized by both Parties in the previously entered protective order.  (R. 56.)

Defendants are cognizant that the standard for sealing documents is high, and that the Court does not construe the protective order as authorizing the sealing of documents.  (R. 57.)  However, Magistrate Vermaat recently found that surveillance videos from the inside of a prison should not be disclosed to the public for security reasons.  *Burks v. Bauman, et al.*, No. 2:18-cv-75, Order, D/E #120 (W.D. Mich. June 26, 2020)(unreported)(copy Attached)(Defs.' Ex. A), quoting *McMillen v. Windham*, No. 3:16-CV-558-CRS, 2018 WL 652829, at *4 (W.D. Ky. Jan. 31, 2018) (noting that "[w]ere the use of the security camera footage available for public consumption, it would be relatively simple for an enterprising person to discover blind spots in the cameras' range or to otherwise exploit the camera footage for their own purposes").

In the alternative, should this Court not grant this motion to seal, the Defendants request that the Court enter an order that Exhibit C, Exhibits E-N and Exhibit T, be examined only *in camera* or under other conditions that prevent the unnecessary disclosure of the contents to the public, in accordance with paragraph 2 of the previously entered stipulated protective order. (R. 56).  The counsel for the

Plaintiff was provided a copy of the evidence that is the subject of this motion and will again be provided a copy with this motion and the forthcoming motion for summary judgement. Thus, there is no prejudice to the Plaintiff.

## CONCLUSION

Defendants request that these records be accepted under seal to protect the confidentiality of the prison's safety and security capabilities, as well as the confidentiality of non-parties involved and/or depicted.

The package containing the two Video Recordings on separate DVDs along with the printed photos have been labeled "SUBMITTED TO THE COURT UNDER SEAL" and an envelope prepared and labeled in accordance with the requirements of Local Rule 10.6.

To ensure the confidentiality and privacy of facility security and monitoring, as well as the confidentiality of non-parties, the Defendants request that the Court enter an Order sealing the security video recordings and photographs.

In the alternative, the Defendants request that the Court enter an order that the exhibits be examined only *in camera* or under other conditions that prevent the unnecessary disclosure of the contents to the public, in accordance with paragraph 2 of the previously entered stipulated protective order.

Respectfully submitted,

Dana Nessel
Attorney General

*s/ Josh Marcum*
Josh Marcum (P68244)
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
marcumj1@michigan.gov

Date:  September 18, 2020  P68244
Marcum\Cantrell 2018-0238395-B\BIS of Mot to Seal Exs

### CERTIFICATE OF SERVICE

I hereby certify that on **September 18, 2020**, I electronically filed **BRIEF IN SUPPORT OF MDOC DEFENDANTS' MOTION TO SEAL DOCUMENTS, INDEX OF EXHIBTS and EXHIBIT A** with the Clerk of the Court using the ECF system which will send notification of such filing.

*s/ Josh Marcum*
JOSH MARCUM (P68244)
Assistant Attorney General
marcumj1@michigan.gov
P68244

5