UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JASON CANTRELL #397429,

      Plaintiff,                                  Case No. 1:18-CV-1163

v.                                                HON. GORDON J. QUIST

ANTHONY HEILIG, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       This is a civil rights action brought by state prisoner Jason Cantrell pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Phillip J. Green issued a Report and Recommendation (R & R) recommending that the Court grant in part and deny in part Defendants' motion for summary judgment and deny Cantrell's motion for summary judgment. (ECF No. 93.) Cantrell has filed objections. (ECF No. 94.)

       Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as supplemented by this Order.

       Cantrell makes three objections. First, he argues that the magistrate judge erred by finding that Cantrell did not engage in protected conduct. Cantrell made several oral requests to

speak to a supervisor. While an oral pursuit of a grievance can be considered protected conduct, *see Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018), the magistrate judge determined that Cantrell's requests were not protected conduct because he made those requests outside of his prison cell in violation of prison rules, *see Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999).

In his objections, Cantrell contends that the magistrate judge did not consider the oral request that he made after he returned to his cell and was no longer in violation of prison rules. Even though Cantrell returned to his cell, he still was disobeying a direct order when he made the request. According to Cantrell's own deposition, Defendant Heilig opened Cantrell's cell and told him to submit to hand restraints. (ECF No. 86-2 at PageID.625.) In response, Cantrell "asked to speak to a sergeant or shift command . . . while [he] sat on [his] bunk." (*Id.*) Because Cantrell made this request while disobeying a direct order in violation of prison rules, his request cannot be considered protected conduct.

Cantrell's second and third objections are related and concern his excessive force claims. These claims arise from an altercation that occurred while transporting Cantrell to a different location in the prison. The magistrate judge determined that a jury must resolve the factual issues. Specifically, were Defendants' actions justified and a reasonable response to Cantrell's resistance and refusal to comply with commands? Or were Defendants not acting in good faith to maintain or restore discipline but instead acting maliciously or sadistically with the intent to injure Cantrell?

In his objections, Cantrell argues that the magistrate judge did not include pertinent facts from the misconduct hearing or address the preclusive effect of the hearing officer's findings at the misconduct hearing. Cantrell is correct that the magistrate judge did not expressly address the

misconduct hearing. He is also correct that the hearing officer found Cantrell not guilty of assault. Nonetheless, the Court is not persuaded that the hearing officer's findings are entitled to any preclusive effect. There is no precedent for giving preclusive effect to findings of fact in favor of a prisoner in a similar situation. *See Thomas v. Thomas*, No. 11-12193, 2016 WL 146484, at *3 n.1 (E.D. Mich. Jan. 13, 2016) ("It is undisputed that there is currently no precedent for giving preclusive effect to findings of fact in favor of a prisoner in this context (i.e., where a prisoner seeks to use the facts offensively)."). Under *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), in order for the agency's finding of fact to be afforded preclusive effect, the parties must have had an adequate opportunity to litigate the dispute. In *Thomas,* 2016 WL 146484, at *3-6, the district court adopted the magistrate judge's recommendation that the prison employee defendant did not have an adequate opportunity to litigate a dispute at a misconduct hearing. In that case, the hearing officer found the plaintiff not guilty of threatening another prisoner. *Id.* at *1-2. Despite the not guilty finding, the court held that it would be inequitable to preclude the defendant from contesting the hearing officer's findings of fact in the subsequent federal lawsuit. *Id.* at *5. The court explained:

> The Court agrees with the Magistrate Judge that Defendant did not have a personal incentive to vigorously contest the factual findings at the hearing or in an appeal: the resolution of the major-misconduct hearing would not have positively or negatively affected Defendant. Indeed, the ALJ's decision posed very real and immediate consequences for Plaintiff because he faced the loss of his job, time in segregation and other severe consequences, however, that same decision did not directly implicate any of Defendant's interests. Therefore, Defendant was in an inherently different position than Plaintiff regarding her motivation (or lack thereof) to contest or litigate the facts at the major-misconduct hearing. Further, while Plaintiff is correct that a determination that Defendant purposefully fabricated the Ticket might possibly result in an investigation that could impact Defendant's employment, such an inquiry would have been separate from the major-misconduct hearing.

*Id.*

3

The same reasoning applies to this case. It would be inequitable to give preclusive effect to the hearing officer's findings where Defendants had no incentive to contest the findings before Cantrell filed his claims.[1] And while the misconduct proceedings and outcome may be relevant at trial, they do not resolve the factual dispute already laid out by the magistrate judge. There is evidence that supports both sides' interpretation of events, and the jury must resolve the factual disputes.

**Accordingly, IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 93) is adopted as the Opinion of the Court as supplemented by this Order.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R & R, Cantrell's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Cantrell's retaliation claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Cantrell's motion to cite new authority (ECF No. 96) is **GRANTED**.

This will proceed on Cantrell's Eighth Amendment claims.

Dated: October 19, 2021                                          /s/ Gordon J. Quist
                                                                           GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that the hearing officer did not find as a factual matter that Cantrell had been subjected to excessive force, only that the evidence did not support a finding that Cantrell assaulted the officer.