UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JASON CANTRELL #397429,

    Plaintiff,　　　　　　　　　　　NO. 1:18-cv-1163

v　　　　　　　　　　　　　　　　　HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF　　　　MAG. PHILLIP J. GREEN
CORRECTIONS, ANTHONY HEILIG,
and SCOTT ARP,

    Defendants.
_____

| | |
|---|---|
| Dan Manville (P39731) | O.G. Reasons (P80463) |
| Attorney for Plaintiff | Assistant Attorney General |
| Civil Rights Clinic | Attorney for MDOC Defendants |
| MSU College of Law | Michigan Department of Attorney General |
| P.O. Box 1570 | MDOC Division |
| East Lansing, MI 48823 | P.O. Box 30217 |
| (517) 913-9690 | Lansing, MI 48909 |
| daniel.manville@law.msu.edu | (517) 335-3055 |
| | ReasonsO@michigan.gov |

_____/

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO EXCUSE DEFENDANTS FROM BEING PRESENT AT DECEMBER 1, 2021, SETTLEMENT CONFERENCE**

                              Dana Nessel
                              Attorney General

                              O.G. Reasons (P80463)
                              Assistant Attorney General
                              Attorney for MDOC Defendants
                              MDOC Division
                              P.O. Box 30217
                              Lansing, MI 48909
                              (517) 335-3055
                              ReasonsO@michigan.gov
                              P80463

Dated:  November 12, 2021

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Under Fed. R. Civ. P. 16(c)(1), a court may require that a party or its representative be present or reasonably available by other means to consider possible settlement.  Defendants will be represented by the MDOC and indemnified as to any possible settlement.  Should the Defendants be excused from attending the December 1, 2021, settlement conference in person when they will not have settlement authority and will not have any role at the settlement proceedings?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:     Fed. R. Civ. P. 16(c)(1)

i

## STATEMENT OF FACTS

This is a case brought by Jason Cantrell, a former Michigan prisoner, who sues pursuant to 42 U.S.C. § 1983 alleging that two MDOC employees violated his constitutional rights while he was housed at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. (ECF No. 40, Am. Compl.)  The Defendants are Officers Anthony Heilig and Scott Arp. (*Id.*)

On November 5, 2021, the Court issued an order for a settlement conference to be held on December 1, 2021. (ECF No. 100)  The order requires the attorney who is to conduct the trial to attend the conference, "accompanied by a representative of the party with full settlement authority." (*Id.*)  In addition, and partially written in bold, the order states, "All parties shall be present in person unless **specifically excused by written motion and order** (or otherwise directed) by the Court." (*Id.*)

## ARGUMENT

I.  **Defendants should not be required to attend the December 1, 2021 settlement conference because, due to their agreement with the MDOC for legal representation, they do not have settlement authority in this case, and their presence is not necessary to reach or approve a settlement.**

   A.   Legal standard

Fed. R. Civ. P. 16(c)(1) states that, "[i]f appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."  W.D.L.R. 16.6 states that "[a]ll parties may be required to be present."

1

**B.    The named Defendants should be excused from attending the December 1, 2021, settlement conference because they do not have settlement authority and their presence is not appropriate under Fed. R. Civ. P. 16(c)(1).**

Neither the Federal Rules of Civil Procedure nor the Western District's Local Rules *require* the presence of parties at a settlement conference. In fact, under Fed. R. Civ. P. 16(c)(1), a party's presence may be required "if appropriate." That is not the case here.

MDOC Policy Directive 02.01.102, "Litigation—Department and Employee Responsibilities," sets out the applicable regulations for representation of MDOC current or former employees. (Ex. A, PD 02.01.102.) Under the policy directive, employees who have been named as a defendant and served a civil lawsuit, may sign a request for Attorney General Representation. (*Id*. at ¶K.) The Manager for the Litigation Section shall obtain all documentation to allow for the determination to be made whether representation will be provided. (*Id*.) Attorney General representation will be granted or denied in accordance with MCL 691.1408. (*Id*. at ¶M.) Once represented, the MDOC Director or designee shall make all decisions regarding settlement of lawsuits for which representation is approved. (*Id*. at ¶R.)

There is nothing particularly unique about this case that differentiates it among the hundreds of other prisoner cases to warrant bringing the Defendants to court personally. The Defendants will be represented by the Michigan Department of Attorney General and there will be a representative from the MDOC Office of Legal Affairs with full settlement authority attending the settlement conference. The Defendants themselves will not have any settlement authority and, in fact, will

have no role to play at the conference. In fact, because they will have no decision-making authority, their presence could complicate the proceedings.

To be successful, settlement negotiations must be able to be conducted with a level of candor and frankness which might not be possible in the direct presence of the Defendants. That candor can be off-putting for Defendants to hear first-hand and may make it more difficult to retain their trust, which is essential for a good defense. Plaintiff, of course, is required to be there because he is the only one who can authorize settlement on his behalf. But his interests are also primarily related to monetary gain, and so there is a built-in interest on his part to be there.

There is a larger issue of fairness and equity at play here. For the brave and civic-minded individuals who choose a career in Corrections, that choice is often a thankless one which also exposes them to extreme danger to their health, both physical and mental. Thankless because, for choosing to help safely hold, feed, treat, and educate some of the most dangerous people in Michigan, prison employees are often vilified both by the press and the public for doing a job that few people would ever choose to do themselves due to the danger and relatively low prestige and pay. To add insult to injury, prison officials are often required to endure the ignominy of being named as a defendant in a federal lawsuit.

The Defendants in this case did not ask to be sued, or to have this case hanging over their heads for years. The *best* outcome that they can hope for is to have this case end in a jury verdict in their favor, but they will never be reimbursed for their time in having to defend this lawsuit or be reimbursed for having this case

as a shadow over their lives, their integrity, and their reputation for several years. This is especially galling given the possibility that simply being named as defendants could harm their employment prospects or their ability to get credit because they are involved in ongoing litigation.

Despite that fact, they are now required to disrupt their lives even further by attending a settlement conference in which *they have no part to play*. This is cruel and arbitrary and does not serve the purpose of the settlement conference.

## CONCLUSION AND RELIEF REQUESTED

For the reasons cited above, Defendants respectfully request that this Court excuse their presence at the December 1, 2021, settlement conference.

Respectfully submitted,

Dana Nessel
Attorney General

O.G. Reasons (P80463)
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
ReasonsO@michigan.gov
P80463

Dated:  November 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing.

/s/ O.G. Reasons
O.G. Reasons
Assistant Attorney General