UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON CANTRELL,

    Plaintiff,

v.

ANTHONY HEILIG and
SCOTT ARP,

    Defendants.
_____/

Case No. 1:18-cv-1163

HON. JANE M. BECKERING

**TRIAL CASE MANAGEMENT ORDER**

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Place:    601 Ford Federal Building, 110 Michigan, NW<br>           Grand Rapids, MI 49503<br>Before:  Judge Jane M. Beckering<br><br>**Counsel and the parties must be present in the courtroom 30 minutes prior to the start of trial to address any preliminary matters.** | MAY 24, 2022<br>9:00 AM |
| Jury or Non-Jury | Jury |
| Estimated Length of Trial | 2 days |
| Motions in Limine | MARCH 11, 2022 |
| Subpoenas/Motion for Writs | MARCH 11, 2022 |
| Final Pretrial Conference                Date:<br>Before Judge Jane M. Beckering        Time: | APRIL 25, 2022<br>1:30 PM |

1. TRIAL DATE AND SETTING:  This case is scheduled for trial before the Honorable Jane M. Beckering, 601 Ford Federal Building, 110 Michigan, NW, Grand Rapids, Michigan, as set forth above.[1]  Counsel and the parties must be present in the courtroom 30 minutes prior to the start of trial to address any preliminary matters.

2. MOTIONS: Motions in limine must be filed by the date set forth in the table above.

3. SETTLEMENT: The parties are under an ongoing obligation to engage in good faith settlement negotiations.  In the event a settlement is reached prior to the above proceeding(s), the parties shall immediately file a notice of settlement, including a proposed deadline for the parties to file the dismissal papers.

---

[1] A copy of Judge Beckering's Information and Guidelines is available on the Court's website (www.miwd.uscourts.gov).  Attorneys must comply with the *current* version of the Guidelines.

4. SUBPOENAS/MOTIONS FOR WRITS:   On or before the date set forth in the table above, each party shall file a proof of service of subpoenas for all non-incarcerated, non-party witnesses, or a motion for a writ of habeas corpus ad testificandum for prisoner witnesses, as required by the notice attached to this order.  Failure to file a proof of service or timely move for a writ of habeas corpus ad testificandum will result in the exclusion of the witness(es) from trial. See attached Notice Regarding Issuance of Subpoenas and Writs of Habeas Corpus Ad Testificandum. Either party wishing to call a witness to testify by video conference must file a motion with the Court.

5. FINAL PRETRIAL CONFERENCE: A final pretrial conference is scheduled at the date and time set forth above.

6. PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: Unless directed otherwise by this Court, a proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) days** prior to the final pretrial conference in the following form:

   A final pretrial conference was held on the ___ day of _____.  Appearing for the parties as counsel were:

   (List the counsel who will attend the pretrial conference.)

   1. Exhibits: The following exhibits will be offered by the plaintiff and the defendants:

      (List jointly [JT EX ____] all exhibits, including demonstrative evidence and summaries of other evidence.  Exhibits expected to be used solely for impeachment purposes need not be identified until trial.  The exhibits shall be identified on a form similar to Attachment 1 to Judge Beckering's Information and Guidelines.  The complete list of exhibits on a form similar to Attachment 1 must be produced at the final pretrial conference.  Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Where the parties are unable to agree on the inclusion of an exhibit, plaintiff shall use numbers [1-99]; defendants shall use letters [A-Z].  Indicate with respect to each exhibit whether and for what reason its admissibility is objected to.  Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3).)

   2. Uncontroverted Facts:  The parties have agreed that the following may be accepted as established facts:

      (State in detail all uncontroverted facts.)

   3. Controverted Facts and Unresolved Issues: The factual issues remaining to be determined and issues of law for the Court's determination are:

      (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. <u>Witnesses</u>:

   a. Non-expert witnesses to be called by the plaintiff and the defendants, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

   b. Expert witnesses to be called by the plaintiff and the defendants, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

   c. It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing parties object. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

   All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendants are:

   (Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendants' case; _____ days for other parties.

7. <u>Form of Alternative Dispute Resolution</u>: The form of Alternative Dispute Resolution selected was _____. The outcome was unsuccessful for the following reasons:

8. <u>Prospects of Settlement</u>: The current status of settlement negotiations is:

   (Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance. Upon approval by the Court, with such additions, deletions or modifications as are necessary, the Final Pretrial Order will be entered.

7. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>:

    a. At the final pretrial conference, the parties and the Court will formulate a plan for trial, including facilitating the admission of evidence; consider the prospects of settlement; and consider such other matters as may aid in the trial or other disposition of the action, including:

        i. Jury Selection Procedure, and

        ii. Jury Instructions.

    b. Unless excused upon a showing of good cause, **the attorney who is to conduct the trial shall attend the pretrial conference and shall come with full authority to act in all respects, or shall be accompanied by a representative of the party with such authority**.

    c. At least **seven (7) days** prior to the final pretrial conference, counsel shall file:

        i. Trial briefs.

        ii. A joint statement of the case and statement of the elements of the claims. Unless the case is very complex, the joint statement of the case should not exceed one paragraph. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The purpose of the joint statement of the case is to summarize the nature of the case. In a jury trial, the statement(s) of the case will be read to the prospective jurors during jury selection. The elements of the claims will be included in the preliminary jury instructions.

        iii. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

8. <u>PREPARATION FOR JURY TRIAL</u>:

    a. The parties shall **<u>jointly</u>** file the following not later than **<u>seven (7) days</u>** prior to the trial:

        i. Joint proposed jury instructions. The parties shall submit one set of instructions to the Court and shall make every reasonable effort to agree on the substantive instructions stating the elements of the claims and defenses. This Court uses Western District of Michigan's Standardized Civil Jury Instruction for the preliminary and final instructions. A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov) under For Attorneys/Civil Case Information. The Court generally uses O'Malley, Grenig, & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set.

        (1) Each instruction shall be submitted in full text, one instruction per page, in the order in which you propose they be given to the jury.

        (2) For standard instructions with blanks or language in brackets, fill in the blanks and modify or delete the language, as applicable.

        (3) If you would like to change language on a standardized instruction, or submit additional instructions, you must indicate the source of the additional language or instruction.

        (4) Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons and legal authority for each objection. Place each objection at the bottom of the specific instruction page. The parties must make every reasonable effort to agree on the substantive instructions stating the elements of the claim.

    ii. Joint proposed jury verdict form(s).

  b. Counsel are required to submit exhibit lists and witness lists in an editable word processing format by email to Judge Beckering's Judicial Assistant, Lauren Packard at lauren_packard@miwd.uscourts.gov and Judge Beckering's Case Manager, Rick Wolters at rick_wolters@miwd.uscourts.gov. In addition to being electronically filed, the parties are required to submit joint proposed jury instructions, and joint proposed verdict forms(s) in an editable word processing format by e-mail to the addresses above.

9. JURY SELECTION:

  a. Counsel and the parties shall be present in the courtroom at 8:30 a.m. to address any preliminary matters.

  b. The Court will seat a jury of 8 members, and all jurors shall participate in the verdict subject Fed. R. Civ. P. 47(c) and 48.

  c. A jury will generally be selected as follows:

    i. The courtroom clerk will call 8 people (by number) for the jury panel, and such persons will be seated in the order they are called.

    ii. Voir dire will be conducted by both the Judge and the attorneys.

    iii. Attorney challenges for cause will be heard at side bar. The Court will excuse any prospective juror for cause where appropriate, replace the excused juror, and the process will be repeated.

    iv. When the Court has determined that none of the prospective jurors in the jury box should be dismissed for cause, the parties may exercise their peremptory challenges. *See* 28 U.S.C. § 1870. Peremptory challenges will be exercised in writing away from the jury, and the Court will then excuse all peremptorily-challenged jurors.

    (1) In the first round of challenges, the plaintiff's counsel will exercise peremptory challenges first and defense counsel second.

    (2) The challenged jurors will be replaced, and the process repeated in the same manner except defense counsel will exercise peremptory challenges first during the second and all subsequent even-numbered rounds.

    (3) The process repeats itself until there is a jury. Backstrikes are permitted.

    (4) In a case with multiple parties, the Court may allow additional peremptory challenges. *See* 28 U.S.C. § 1870.

Dated: February 11, 2022

/s/ Jane M. Beckering
JANE M. BECKERING
UNITED STATES DISTRICT JUDGE

# NOTICE REGARDING ISSUANCE OF SUBPOENAS

# AND WRITS OF HABEAS CORPUS AD TESTIFICANDUM

If a witness is a prisoner, you MUST file a motion asking the Court to issue a writ of habeas corpus ad testificandum for that person. In the motion, you must tell the Court WITH SPECIFICITY what the testimony of the witness(es) will be and why the testimony is important to your case. When you file your motion, you MUST state that person's FULL NAME, PLACE OF INCARCERATION, AND PRISONER NUMBER. If you do not provide the needed information, the MDOC will be unable to find that person and cannot produce him or her for your trial. It is up to you to provide the Court with this information. If, based on plaintiff's summary, the Court determines that an incarcerated witness's testimony is relevant, the Court will issue a writ requiring the MDOC to produce the witness at trial. Either party wishing to call a witness to testify by videoconference must file a motion with the Court.

Non-incarcerated witnesses must be served with a subpoena. Federal Rule of Civil Procedure 45(a)(3) directs the Court Clerk to issue a subpoena, signed but otherwise blank, to a party requesting it. No previous leave of court is necessary for the issuance of a subpoena. A party requesting a subpoena should be aware, however, that he is responsible for service of the subpoena in compliance with Rule 45. Specifically, the subpoena must be served by delivering a copy to the witness. FED. R. CIV. P. 45(b)(1). Service by mail is insufficient. *See Firefighters Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000). Furthermore, if the witness's attendance is commanded, <u>the subpoena must be accompanied at the time of service with fees for one day's attendance and the mileage allowed by law</u>. *See Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995); *see also George v. Jones*, No. C 06-2800 CW, 2008 WL 859439, at * 16 (N.D. Cal. Mar. 28, 2008); *Reynosa v. Smith*, No. 4:06-cv-106, 2006 WL 3456667, at * 1 (W.D. Mich. Nov. 27, 2006). <u>The party requesting a subpoena must pay these fees</u>. The court has no authority to waive such fees or to direct that the government advance them on a party's behalf. *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogation recognized on other grounds*, *L&W Supply Corp. v. Acuity*, 475 F.3d 737, 739 n.6 (6th Cir. 2007); *accord Lofton v. Smith*, No. 604cv48, 2007 WL 2728431, at * 2 (S.D. Ga. Sept. 10, 2007) (collecting cases); *Strain v. Sandham*, No. Civ. 5-05-474 GEB GGH P, 2007 WL 867962, at * 5 (E.D. Cal. Mar. 20, 2007). Although a litigant proceeding *in forma pauperis* is constitutionally entitled to waiver of the filing fee, there is no constitutional entitlement to government subsidization of other litigation costs. *Johnson*, 698 F.2d at 289. A subpoena that is not served in accordance with the dictates of Rule 45(b) is "invalid." *Smith*, 162 F.R.D. at 686. Furthermore, Rule 45(c)(1) provides for the protection of persons subject to subpoenas. Rule 45(c)(1) states, "A party . . . responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party . . . who fails to comply." FED. R. CIV. P. 45(c)(1); *see Caretolive v. Von Eschenbach*, No. 2:07-cv-729, 2008 WL 552431, at * 3 (S.D. Ohio Feb. 26, 2008) (awarding $6,000 in sanctions pursuant to Fed. R. Civ. P. 45(c)(1)).