UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JASON CANTRELL #397429,

    Plaintiff,

v

ANTHONY HEILEG and
SCOTT ARP,

    Defendants.

No. 1:18-cv-1163

HON. JANE M. BECKERING

MAG. PHILLIP J. GREEN

Daniel E. Manville (P39791)
Attorney for Plaintiff
Michigan State University College of Law
P.O. Box 1570
East Lansing, MI 48823
(517) 432-6866
daniel.manville@law.msu.edu

Bryan W. Beach (P69681)
Assistant Attorney General
Attorney for Non-Party ALJ Susan Burke
P. O. Box 30736
Lansing MI 48909
(517) 335-7659
beachb@michigan.gov
    /

# BRIEF IN SUPPORT OF NON-PARTY ADMINISTRATIVE LAW JUDGE SUSAN BURKE'S MOTION TO QUASH SUBPOENA

Bryan W. Beach
Assistant Attorney General
Attorney for Non-Party ALJ Susan Burke
P. O. Box 30736
Lansing MI 48909
(517) 335-7659
beachb@michigan.gov
P69681

Dated: July 14, 2022

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................... i

Index of Authorities ............................................................................................... ii

Concise Statement of Issues Presented ................................................................. iii

Controlling or Most Appropriate Authority .......................................................... iv

Background ............................................................................................................ 1

Argument ............................................................................................................... 2

I.     Good cause exists to quash the trial subpoena under Fed. R. Civ. P.
       45(d)(3)(iii) and (iv). ................................................................................... 2

Conclusion and Relief Requested .......................................................................... 4

# INDEX OF AUTHORITIES

Page

**Cases**

*Bliss v. Fisher*, 714 F. Supp. 2d 223 (D Mass, 2010) ..................................................... 3

*Goldsmith v. Sharrett*, 614 F. App'x. 824 (CA 6, 2015) .......................................... iv, 2

*Harris v. Goins*, No CV 6:15-151-DCR, 2016 WL 4501466 (ED Ky, Aug 26, 2016) ................................................................................................................................ 2

*Shelly v. Johnson*, 849 F.2d 228 (CA 6, 1988) ............................................................. 2

*Soucie v. David*, 448 F.2d 1067 (DC Cir. 1971) ........................................................... 2

*United States v. Morgan*, 313 U.S. 409 (1941) ............................................................. 2

**Rules**

Fed. R. Civ. P. 45(d)(3)(iii) ..................................................................................... iii, 2

Fed. R. Civ. P. 45(d)(3)(iv) ....................................................................................... 2, 3

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Under both federal and state law, the judicial deliberation privilege protects judges from being compelled to testify. Non-Party Susan Burke is a retired Administrative Law Judge and has been subpoenaed to testify regarding a hearing that she presided over in 2017. Does good cause exist to quash the trial subpoena under Fed. R. Civ. P. 45(d)(3)(iii) and (iv)?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:

*Goldsmith v. Sharrett*, 614 F. App'x. 824 (CA 6, 2015)

*Tomasik v. State*, 935 N.W.2d 369 (2019)

## BACKGROUND

Non-Party Administrative Law Judge Susan Burke retired in January of 2022. Before that she was employed as an administrative law judge at the Bellamy Creek Correctional Facility in Ionia, Michigan. On July 12, 2022, Plaintiff's counsel Daniel Manville served Judge Burke a trial subpoena. (Exhibit 1 – Subpoena.) The subpoena commands Judge Burke to testify at trial and lists September 27, 2022, as the date for trial testimony.

Upon review of the underlying lawsuit, it appears that Judge Burke's only alleged involvement is having presided over a hearing on August 23, 2017 involving Plaintiff Jason Cantrell, after which she authored a Hearing Report. (ECF No. 40, PageID.153 ¶24; ECF No. 17-3, PageID.67.) In her capacity as a prison hearing officer, Judge Burke presided over hundreds of hearings every year. She has no independent recollection of any hearing involving Cantrell, or the causal incidents upon which it was based.

Prior to filing this motion, concurrence was sought from Plaintiff's counsel via email and telephone on July 13, 2022. During a subsequent telephone conversation on July 14, 2022, Plaintiff's counsel was asked why Judge Burke was subpoenaed to testify in this lawsuit. Plaintiff's counsel replied that Judge Burke would be called to testify as to (a) her findings following the 2017 hearing involving Cantrell and (b) the contents of a video played during the hearing. But it was then explained that Judge Burke was retired and that the Hearing Report authored following Cantrell's hearing contained her full findings. In addition, the need for Judge Burke to testify regarding any videos appears to be completely unnecessary—and potentially

1

inappropriate—given that they would also presumably be marked as exhibits and played for the jury during trial.  Nonetheless, in lieu of testimony, it was offered that Judge Burke could authenticate the Hearing Report via affidavit.  Plaintiff's counsel declined the offer and said that a motion to quash the trial subpoena would be necessary.

## ARGUMENT

I. **Good cause exists to quash the trial subpoena under Fed. R. Civ. P. 45(d)(3)(iii) and (iv).**

Federal Rules of Civil Procedure 45(d)(3)(iii) permits a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Under both federal and state law, the judicial deliberation privilege protects Judge Burke from being compelled to testify.  The Sixth Circuit has held that hearings officers of the Michigan Office of Administrative Hearings are entitled to "absolute immunity from liability with respect to their judicial acts."  *Goldsmith v. Sharrett*, 614 F. App'x. 824, 827 (CA 6, 2015) (quoting *Shelly v. Johnson*, 849 F.2d 228, 229-30 (CA 6, 1988) (per curiam)).  Judicial deliberative immunity has near universal recognition.  *Harris v. Goins*, No CV 6:15-151-DCR, 2016 WL 4501466, at *1 (ED Ky, Aug 26, 2016); See also, *United States v. Morgan*, 313 U.S. 409, 422, (1941).  The historical basis for judicial privilege arises from the need to preserve the confidentiality of the judicial decision-making process.  *Soucie v. David*, 448 F.2d 1067, 1080-81 (DC Cir. 1971) (Wilkey, J., concurring).  The Michigan Court of Appeals in *Tomasik v. State*, 935 N.W.2d 369, 381-382 (2019), appeal denied, No 159715, 2020 WL 261728 (Mich Jan 17, 2020),

2

explained that "[t]he overwhelming authority . . . makes it clear that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." *Id.* quoting *Bliss v. Fisher*, 714 F. Supp. 2d 223, 224 (D Mass, 2010). Here, based upon the allegations contained in the First Amended Complaint and the discussion with Plaintiff's counsel, Judge Burke will be called to testify concerning her judicial decision-making. Unquestionably, compelling such testimony is barred by judicial privilege and the trial subpoena should be quashed.

In addition, Fed. R. Civ. P. 45(d)(3)(iv) permits a court to quash or modify a subpoena when it subjects a person to undue burden. Judge Burke is now retired. She held hundreds of hearings during her tenure as an administrative law judge and will testify that she has no remembrance of the 2017 hearing involving Cantrell or any related evidence, including videos. She can however authenticate her Hearing Report via affidavit—and has repeatedly offered to do so. Nor does Plaintiff's counsel require Judge Burke to authenticate or explain any videos involving Cantrell. Presumably, these videos will be admitted as exhibits and can be authenticated by prison employees. And because the jurors will see the videos for themselves, additional testimony by Judge Burke would be superfluous. For these reasons, compelling Judge Burke—a non-party—to travel and testify live in court constitutes an undue burden and is completely unnecessary. Good cause exists to quash the trial subpoena under Fed. R. Civ. P. 45(d)(3)(iv).

3

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, under Fed. R. Civ. P. 45(d)(3), Judge Burke requests that the Court enter an order quashing the subpoena and any other relief that this Court deems necessary.

                                            Respectfully submitted,

                                            *s/Bryan W. Beach*
                                            Bryan W. Beach (P69681)
                                            Assistant Attorney General
                                            Attorney for Non-Party Burke
                                            P.O. Box 30736
                                            Lansing, MI 48909
                                            (517) 335-7659
                                            beachb@michigan.gov

Dated:  July 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

                                            *s/Bryan W. Beach*
                                            Bryan W. Beach (P69681)