UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON CANTRELL #397429,

    Plaintiff,                          NO. 1:18-cv-1163

v                                         HON. JANE M. BECKERING

ANTHONY HEILIG and            MAG. PHILLIP J. GREEN
SCOTT ARP,

    Defendants.

| | |
|---|---|
| Laurence H. Margolis (P69635) | O.G. Reasons (P80463) |
| Ian T. Cross (P83367) | Assistant Attorney General |
| Margolis & Cross | Michigan Dept. of Attorney General |
| Attorneys for Plaintiff | Attorney for Defendants |
| 402 W. Liberty St. | Corrections Division |
| Ann Arbor, MI  48103 | P.O. Box 30217 |
| (734) 994-9590 | Lansing, MI  48909 |
| larry@lawA2.com | (517) 335-3055 |
| ian@lawinannarbor.com | reasonso@michigan.gov |

Jinan M. Hamood (P77315)
Law Office of Jinan M. Hamood
Attorney for Plaintiff
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 355-5666
hamoodjm@gmail.com

_____/

**<u>PLAINTIFF JASON CANTRELL'S TRIAL BRIEF</u>**

**<u>Statement of Facts</u>**

On August 19, 2017, Plaintiff Jason Cantrell was a prisoner confined at Bellamy Creek Correctional Facility in Ionia, Michigan. Defendants Anthony

1

Heilig and Scott Arp were employed at Bellamy Creek Correctional Facility as corrections officers. Plaintiff was escorted from the protective-custody unit to the segregation unit that day by Defendants. Plaintiff claims that Defendants used excessive force during this escort, causing Plaintiff to sustain, among other injuries, two fractured ribs, re-fracturing of an old fracture of his left femur, and severe pain in his pelvis, left hip, his neck and both feet. Defendants deny they used excessive during this escort.

## **Applicable Law and Analysis of Disputed Issues**

The Civil Rights Act provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam); *Hudson v.McMillian*, 503 U.S. 1, 8-9 (1992). "Being violently assaulted

in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation omitted). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Hudson*, 503 U.S. at 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as, "the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response." *Hudson*, 503 U.S. at 7. While Plaintiff suffered objectively-verifiable physical injuries as a result of the Defendants' use of force, such as broken ribs, liability does not depend on the severity of the Plaintiff's injuries. *See Wilkins v. Gaddy,* 559 U.S. 34, 39 (2010) (holding that the "core judicial inquiry" in an Eighth-Amendment excessive-force case is the nature of the force, not the extent of the injury). The Sixth Circuit has even held that a prisoner can make out an Eighth Amendment excessive-force claim when there is <u>no physical injury and no physical contact.</u> *Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020) (guard threatening to kill prisoner with a knife constitutes excessive force, even in the absence of any actual or attempted physical contact).

3

At the time the Defendants used force against the Plaintiff in this case, the Plaintiff was in handcuffs. Because handcuffs greatly reduce the threat posed by a subject, the application of force sufficient to cause injury to a person in handcuffs is generally found to be unconstitutional in the Sixth Circuit. This is true even when the subject is disruptive or non-compliant with officer commands. *See, e.g. Cordell v. McKinney*, 749 F.3d 573, 588 (6th Cir. 2014) ("any reasonable official would know that ramming a handcuffed and controlled prisoner headfirst into a concrete wall is an unreasonable method of regaining control of a prisoner in a hallway occupied only by other jail officials"); *McDowell v. Rogers,* 863 F.2d 1302, 1307 (6th Cir. 1988) (where handcuffed plaintiff was "not trying to escape or hurt anyone[,] [t]he 'need for the application of force' was thus nonexistent; the alleged force could only have been applied 'maliciously'"); *Bultema v. Benzie County*, 146 Fed. Appx. 28, 35 (6th Cir. 2005) ("[i]t is well established in this circuit that the gratuitous use of force on a suspect who has already been subdued and placed in handcuffs is unconstitutional.") (collecting cases).

The video evidence in this case shows that while Plaintiff was in handcuffs, Defendant Arp placed his foot in front of the Plaintiff's legs, while at the same time pushing forward on the back of Plaintiff's neck. This caused Plaintiff to fall to the ground. The video then shows Defendants Arp, Heilig, and numerous other officers pile on top of the Plaintiff while he is lying on the floor. Plaintiff will testify that the officers struck him multiple times while he was on the ground, and later placed their hands on his neck and choked him during the remainder of the escort to

4

segregation. Plaintiff's medical records show that he complained of severe pain in his pelvis, torso, left hip, neck, and both feet following the incident. There is also objective evidence of injuries: an X-ray of Plaintiff taken on 8/31/17, twelve days after the use of force, showed two broken ribs. A higher-quality X-ray taken on 1/11/18 showed incomplete osseous union of an old (2014) fracture of the left femur, suggesting that the left femur had been recently re-fractured.

Even if a jury chooses not to believe any of Plaintiff's testimony, the video evidence is still sufficient to reach a verdict in his favor. The video clearly shows the officers placing their body weight on the Plaintiff after he is laying, handcuffed, on the floor. It is unconstitutional for officers to intentionally apply compressive force to a handcuffed, prone detainee by putting their body weight on his back. This prohibition has been "clearly established in the Sixth Circuit as of May 2012." *Hopper v. Plummer,* 887 F.3d 744, 754 (6th Cir. 2018). Such conduct is impermissible in almost all circumstances, because "restraining a patient face-down on the floor and putting pressure on a patient's back pose[s] a substantial risk of asphyxiation." *Lanman v. Hinson*, 529 F.3d 673, 689 (6th Cir. 2008); *See also, Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 903 (6th Cir. 2004) ("creating asphyxiating conditions by putting substantial or significant pressure, such as body weight, on the back of an incapacitated and bound suspect constitutes objectively unreasonable excessive force. . . . when officers receive training explaining the dangers of asphyxia, they are on notice that applying pressure to an arrestee's back is objectively unreasonable.") Plaintiff offers no apparent resistance while he is on

5

the ground. His feet are visible in the video, and he is not kicking. But even if he was resisting it would not matter: even when the subject is "kick[ing] and thrash[ing]," placing the body weight of multiple officers on a prone, handcuffed subject still constitutes excessive force. *Hopper,* 887 F.3d at 755.

### Defendant's Use of Excessive Force Warrants an Award of Both Compensatory and Punitive Damages.

Plaintiff was harmed because of Defendants' conduct. Defendants are liable to Plaintiff for compensatory damages relative to the harm he sustained, as well as for punitive damages. Punitive damages are available under § 1983, *see Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 17 (1991), and are available even when a plaintiff is unable to show compensable injury; indeed, they may be the only significant remedy available in some actions under § 1983. *See Smith v. Wade*, 461 U.S. 30, 55 & n. 21 (1983). Awards of punitive damages are left to the jury's discretion upon a finding that the defendant either acted with an evil motive or with reckless/callous indifference to the plaintiff's federally protected rights. *See Smith*, 461 U.S. at 54, 56; *Dang v. Cross*, 422 F.3d 800, 807-09 (9th Cir. 2005).

### CONCLUSION

For all of the reasons set forth above, Plaintiff will request a jury verdict in his favor on all claims.

RESPECTFULLY SUBMITTED,

Dated: September 15, 2022         */s/ Ian T. Cross*
                                  Ian T. Cross (P83367)

        Laurence H. Margolis (P69635)
        Counsel for Plaintiff


        */s/ Jinan M. Hamood*
        Jinan M. Hamood (P77315)
        Co-Counsel for Plaintiff